**Robert J. HALL, Individually and Sibon Beverage Corporation, Relators,**

v.

**The Honorable Monte D. LAWLIS, Judge, Respondent.**

No. 95–0507.

Supreme Court of Texas.

June 15, 1995.

---

B. Thomas McElroy, Johnson & McElroy, Dallas, Catherine Bukowski Smith, James W. McCartney, Vinson & Elkins, Houston, for relators.

Jack Dies, Lufkin, and Joe Tonahill, Tonahill Hile Leister & Jacobellis, Jasper, for respondent.

PER CURIAM.

Robert Hall and SiBon Beverage Corporation (SiBon) seek mandamus relief from two actions of the trial court: (1) refusing to abate this lawsuit despite the pendency of an earlier filed suit in Harris County, and (2) ordering Hall to produce his personal income tax returns for the past five years. While Hall is not entitled to mandamus relief from the refusal to abate, a majority of the Court concludes that mandamus relief is appropriate from the order to produce the tax returns.

Robert Hall and Albert and Mary Jo Nault agreed to start a beverage company together. Hall was to provide funds and land for a bottling plant. The Naults were to provide expertise and secret formulas and trademarks. Hall and SiBon eventually sued the Naults in Harris County for fraud, misrepresentation, and conversion. Several weeks later, the Naults filed this lawsuit in Jasper County, alleging wrongful termination, conspiracy, defamation, and malicious prosecution. The Naults' motion in Harris County to have that suit transferred to Jasper County was overruled; Hall's motion in Jasper County to abate or dismiss based on Harris County having acquired dominant jurisdiction was also overruled. At the same hearing at which it overruled Hall's motion to abate, the Jasper County court granted the Naults' motion to compel Hall to produce his personal income tax returns for the past five years. The court did not inspect the documents before doing so. Hall seeks relief from both of these actions of the trial court.

In *Abor v. Black*, 695 S.W.2d 564, 567 (Tex.1985), this Court decided that it would not review by mandamus the refusal of a trial court to abate an action based on the pendency of another action unless the courts were directly interfering with each other by issuing conflicting orders or injunctions. *See also Morris v. Leggat*, 877 S.W.2d 899, 901 (Tex.App.—Texarkana 1994, orig. proceeding). In the absence of such interference, the refusal to abate can be adequately reviewed on appeal. *See Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 59 (Tex. 1991). Because the Harris County and Jasper County courts are not directly interfering with each other, Hall and SiBon are not entitled to mandamus on this point.

Hall is entitled to mandamus relief from the order compelling him to produce his tax returns. Income tax returns are discoverable to the extent they are relevant and material to the issues presented in the lawsuit. *Maresca v. Marks*, 362 S.W.2d 299, 300–01 (Tex.1962); *Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434, 440 (1959), *disapproved in part on other grounds by Walker v. Packer*, 827 S.W.2d 833, 842 (Tex.1992). We have, however, expressed our "reluctance to allow

uncontrolled and unnecessary discovery of federal income tax returns." *Sears, Roebuck & Co. v. Ramirez,* 824 S.W.2d 558, 559 (Tex. 1992).

█ In response to the Naults' request for production, Hall objected on the basis of relevancy. The Naults offer no explanation as to how the tax returns are relevant to their claims. The trial court abused its discretion by ordering production of the returns without a showing of relevance in this case. *See id.; El Centro del Barrio, Inc. v. Barlow,* 894 S.W.2d 775, 779–81 (Tex.App.—San Antonio 1994, orig. proceeding); *Kern v. Gleason,* 840 S.W.2d 730, 737–38 (Tex.App.—Amarillo 1992, orig. proceeding); *Chamberlain v. Cherry,* 818 S.W.2d 201, 205–06 (Tex. App.—Amarillo 1991, orig. proceeding) (noting that income tax returns are not necessarily indicative of net worth). Compelling production of the returns leaves Hall without an adequate remedy by appeal. *See Walker,* 827 S.W.2d at 843.

Accordingly, a majority of the Court grants Relators' motion for leave to file, and pursuant to Texas Rule of Appellate Procedure 122, without hearing oral argument, conditionally grants a writ of mandamus directing the trial court to vacate its order compelling Hall to produce his tax returns. The writ shall issue only if the trial court fails to do so.