In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00971-CV

____________


IN RE GARY BORN, Relator 






Original Proceeding on Petition for Writ of Mandamus





O P I N I O N


 Relator, Gary Born, has filed a petition for writ of mandamus complaining that
Judge Link (1) abused his discretion by signing a discovery order that granted, in part,
the motion of the real party-in-interest, T.A.F., to compel Born and his codefendants
to produce certain financial documents. Born asks us to set aside the order in its
entirety. On October 25, 2001, we temporarily stayed the trial court's order, but
solely as it applied to Born, and requested a response by T.A.F. We deny mandamus
relief and vacate our stay order. 

Underlying Facts and Procedural History


 T.A.F. sued Doma Chase Condominiums, Deltrust, Inc. (a Wyoming
corporation), Born, and KRJ Management Company for personal injuries she
sustained after an unknown assailant sexually assaulted her in her unit of the Doma
Chase Condominiums. T.A.F. initially claimed inadequate security at the residence
proximately caused her injuries and later added pleadings alleging that Born's
codefendant, Deltrust, Inc. (the Wyoming corporation) is Born's alter ego, that Born
and his wife were the only corporate officers of the corporation, and that Born had
disregarded corporate formalities to the extent that he and the corporation were
indistinguishable. T.A.F. further alleged that Deltrust, Inc. (the Wyoming
corporation) likewise disregarded corporate formalities with other corporations,
including Deltrust, Inc. (an identically named Canadian corporation) and Deltrust
Management Corporation (a Texas corporation), and, alternatively, that these
corporations served merely as business conduits for each other and thus constituted
a single business enterprise carrying out a common business objective. 

 T.A.F. served Born and Deltrust, Inc. (the Wyoming corporation) with requests
for production of several types of business and financial records, including income-
tax returns. Born and Deltrust, Inc. (the Wyoming corporation) complied partially
with the requests for production, but filed objections to the remainder. The objections
generally challenged T.A.F.'s requests as overbroad, irrelevant, burdensome, and
harrassing. Born also claimed he did not have custody of certain documents. Neither
Born nor Deltrust, Inc. (the Wyoming corporation) asserted that any discovery
requested was exempt or withheld from discovery on the grounds of privilege. 

 T.A.F. then moved to compel production from both defendants and set her
motion for an oral hearing. Two weeks after the hearing, Judge Link signed an order
that sustained some of the objections by Born and Deltrust, Inc. (the Wyoming
corporation), but overruled others, and required production of the remaining
requested documents. With respect to the production ordered, however, the trial court
significantly restricted the scope of several of T.A.F.'s requests. This order is the
subject of Born's mandamus. We have no reporter's record from the hearing and it
is undisputed that the hearing was non-evidentiary. In response to Born's petition for
writ of mandamus, this Court stayed enforcement of the order as to Born only.

Propriety of Mandamus Relief


 Mandamus is an extraordinary remedy that will issue only to correct a clear
abuse of discretion, provided there is no adequate remedy by appeal. See Walker v.
Packer, 827 S.W.2d 833, 839-41 (Tex. 1992); In re Kellogg Brown & Root, 7 S.W.3d
655, 657 (Tex. App.--Houston [1st Dist.] 1999, orig. proceeding). To establish an
abuse of discretion sufficient to warrant mandamus relief in a discovery matter, the
relator must show that the trial court's decision was "so arbitrary and unreasonable
as to amount to a clear and prejudicial error of law." Walker, 827 S.W.2d at 839
(quoting from Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex.
1985)). Stated otherwise, the relator must establish that the facts and the law
permitted "but one decision." See Johnson, 700 S.W.2d at 917. 

 Mandamus will issue on the grounds that an appeal from a discovery order is
inadequate when: (1) the appellate court could not cure the error, such as when the
trial court orders the production of (a) privileged information or trade secrets, or (b)
patently irrelevant or duplicative documents, thus imposing a disproportionate burden
on the producing party; (2) the trial court's order vitiates or severely compromises a
party's ability to present a viable claim or defense; or (3) the trial court denies
discovery and the missing discovery cannot be made a part of the record to be
reviewed on appeal. In re Colonial Pipeline Co., 68 S.W.2d 938, 941 (Tex. 1998);
Walker, 827 S.W.2d at 843-44; In re Kellogg Brown & Root, 7 S.W.3d at 657. 

Permissible Scope of Discovery of Financial Information


 Parties are generally entitled to discover information or material that is relevant
to their claims, appears reasonably calculated to lead to the discovery of admissible
evidence, and is not privileged. See Tex. R. Civ. P. 192.3(a) & cmt.1; Crown Central
Petroleum Corp. v. Garcia, 904 S.W.2d 125, 127 (Tex. 1995). Accordingly, a party
who seeks to avoid discovery sought by a request within rule 192.3 must object, in
writing, by specifying the legal or factual basis of the objection and the extent to
which the party refuses to comply, while complying with the unobjected-to portion
of the request. Tex. R. Civ. P. 193.2(a)-(b); see also id. cmt.2 (authorizing certain
objections without complying). To preserve a privilege from discovery, the party
must file a written response that (1) states that the information has been withheld, (2)
identifies the request to which the information relates, and (3) identifies the privilege
asserted. See Tex. R. Civ. P. 193.3(a)(1)-(3) & cmt.3. 

 Rule 193.4(a) authorizes either the requesting or objecting party to request a
hearing on objections to discovery. Tex. R. Civ. P. 193.4(a). If a hearing is held, the
party who has objected or asserted a privilege must present any evidence necessary
to support the objection or privilege. Id. 

 When, as here, a party seeks punitive damages, a defendant's financial
information is relevant and therefore discoverable to establish the defendant's net
worth. See Lunsford v. Morris, 746 S.W.2d 471, 473 (Tex. 1988); Miller v. O'Neill,
775 S.W.2d 56, 58 (Tex. App.--Houston [1st Dist.] 1989, orig. proceeding). Tax
returns, or portions of them, are also subject to discovery on a showing that the
information sought from them is relevant and material to the issues presented by the
lawsuit. See Hall v. Lawlis, 907 S.W.2d 493, 494-95 (Tex. 1995) (holding that
compelling production of income tax returns without showing how they were relevant
left defendant without adequate remedy by appeal); see also Sears, Roebuck & Co.
v. Ramirez, 824 S.W.2d 558, 559 (Tex. 1992) (rejecting discovery of income tax
returns when information in them was unnecessarily duplicative of information 
contained in annual reports; acknowledging "reluctance to allow uncontrolled and
unnecessary discovery of federal income tax returns"); Crane v. Tunks, 328 S.W.2d
434, 440 (Tex. 1959), disapproved in part on other grounds by Walker, 827 S.W.2d
at 842) (rejecting claim that income tax returns per se privileged). 

Analysis


 Born's arguments rely on the first of the three permissible categories of
discovery orders for which mandamus may issue in a proper case: those that compel
production of privileged information or trade secrets or patently irrelevant and
duplicative documents. See In re Colonial Pipeline Co., 968 S.W.2d at 941; In re
Kellogg Brown & Root, 7 S.W.3d at 657. To the extent Born contends disclosure of
his financial records will reveal confidential or privileged information, however, Born
has not established any basis for granting mandamus relief because he did not comply
with the procedures mandated by rule 193.3(a) for withholding privileged information
while asserting a specifically identified privilege. See Tex. R. Civ. P. 193.3(a)(1)-(3). 
The only remaining basis for granting relief by the extraordinary remedy of
mandamus, therefore, is that Judge Link ordered patently irrelevant and duplicative
documents and thus imposed a disproportionate burden on Born. 

A. T.A.F.'s Motion to Compel Demonstrated Relevancy

 Born first challenges the trial court's order on the grounds that T.A.F. did not
adequately establish the relevancy of the financial information she requested. In
moving to compel discovery in support of her alter ego and single enterprise theories,
T.A.F. provided copies of "Deltrust, Inc." letterhead that showed multiple addresses
but did not distinguish between the varying Deltrust corporate forms. In addition,
T.A.F. argued that Born and his wife were corporate officers of each of the
corporations, that the various corporate offices were also the Born residences, and
that the corporations shared a common, named employee. As additional support for
her allegation of common business enterprise, T.A.F. relied on the insurance policy
Born and Deltrust Inc. (the Wyoming corporation) had produced in the discovery
process as evidence of insurance coverage, in which the insured was Deltrust, Inc.
(the Canadian corporation), while the record owner of T.A.F.'s unit was Deltrust, Inc.
(the Wyoming corporation). Because the policy contained an exclusion for incidents
of assault and battery, T.A.F. also offered the policy, along with a balance sheet
produced in discovery, as demonstrating justification for piercing the corporate veil
based on undercapitalization. 

 Born challenges whether this showing sufficiently demonstrated the relevancy
of the information T.A.F. requested, on the grounds that the documents T.A.F. relied
on and sought to discover could not "establish" her claims. Born's arguments
misstate the relevancy standard embodied in rule 192.3(a). To be discoverable, the
information sought need not "establish" a claim, but need only appear "reasonably
calculated to lead to the discovery of admissible evidence." See Tex. R. Civ. P.
192.3(a). 

B. Born's Challenge to Disclosure of Financial Information

 Born relies on two cases to claim he has no adequate remedy by appeal to
remedy the disclosure of his financial information ordered by the trial court. The first
is Hall v. Lawlis, in which the supreme court granted mandamus relief to set aside an
order requiring relator Hall to produce his personal income-tax returns for the
previous five years. 907 S.W.2d at 494-95. The underlying lawsuit in Hall arose out
of a joint enterprise to start a beverage company. Id. at 494. The initial claims were
for fraud, misrepresentation, and conversion, which prompted a countersuit for
wrongful termination, conspiracy, defamation, and malicious prosecution. Id. In
contrast to T.A.F. in this case, the party seeking discovery in Hall offered no
explanation when Hall objected to the relevancy of the income-tax returns. Id. at 495. 
Although the supreme court held that the trial court abused its discretion by
compelling discovery of the returns without a showing of relevancy, the court
reaffirmed that income-tax returns are discoverable when relevant and material to
issues raised. Id. at 494. As addressed above, T.A.F.'s motion to compel established
the relevancy of the information she requested, as contemplated by rule 192.3(a). 

 Born also relies on Kern v. Gleason, 840 S.W.2d 730, 738 (Tex.
App.--Amarillo 1992, orig. proceeding), which conditionally granted mandamus
relief to set aside an order requiring the sole stockholder of a nursing-home
corporation to disclose his financial statements and income-tax returns. Kern is
similar to this case because the plaintiffs sued for personal injuries sustained when
they were attacked on the defendant's premises and also sought the requested
discovery to pierce the corporate veil. 840 S.W.2d at 732-33. 

 Kern is distinguishable on several grounds. In contrast to this case, in which
Born did not assert any exemption based on privilege or confidentiality, the
mandamus record in Kern was sufficiently adequate to permit the appellate court to
address Kern's claims that revealing his financial information would invade his
privacy rights. See 840 S.W.2d at 734-35 (recognizing burden on party opposing
discovery to plead and prove exemption from discovery based on invasion of personal
or property rights), 737-38 (holding that record did not show necessity of invading
privacy rights in income-tax returns and financial statements). Here, Born did not
preserve this complaint for our mandamus review by complying with the procedures
now mandated by rule 193.3(a). See Tex. R. Civ. P. 193.3(a)(1)-(3). Moreover,
unlike Kern, which involved a substantial mandamus record, see 840 S.W.2d at 734-35, it is undisputed that the hearing on T.A.F.'s motion to compel was not an
evidentiary hearing. Accordingly, Born also failed to substantiate his remaining
objections to discovery, as required by rule 193.4(a). See Tex. R. Civ. P. 193.4(a)
("The party making the objection or asserting the privilege must present any evidence
necessary to support the objection or privilege.") (emphasis added). 

 Kern is also distinguishable because the broad spectrum of financial
information compelled under the order at issue in that case included information
relating to entities not involved the litigation and holdings not related to the litigation. 
See 840 S.W.2d at 737 (referring to trial court's order as requiring relator to "reveal
all of his assets, liabilities, equity, and income"). Judge Link's order here reflects
considered narrowing of the scope of the requested discovery by limiting the
discovery ordered to lesser time intervals than originally requested. 

 We conclude that Born has not established that Judge Link clearly abused his
discretion. Therefore, Born has not established his right to the extraordinary remedy
of mandamus relief. See Walker, 827 S.W.2d at 840-41.



Conclusion


 We deny mandamus relief and vacate our stay order of October 25, 2001. 





 Tim Taft


 Justice


Panel consists of Chief Justice Schneider and Justices Taft and Radack.


Do not publish. Tex. R. App. P. 47.4.
1. The Honorable Scott Link, judge of the 80th District Court of Harris County,
Texas. The underlying lawsuit is T.A.F. v. Doma Chase Condominiums,
Deltrust, Inc., Gary Born, and KRJ Management Company, trial court cause
no. 1999-12560.