NUMBER
13-02-00032-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B EDINBURG

 

 

IN RE JOSE ANTONIO MENDOZA AND HUGO JOFRE,            Relators.

 

 

                     On Relators= Petition for Writ
of Mandamus.

 

 

                                   O P I N I O N

 

                     Before Justices Hinojosa, Yañez, and
Castillo

                                 Opinion by
Justice Hinojosa

 

Relators, Jose Antonio Mendoza (AMendoza@) and Hugo Jofre (AJofre@),
have filed a petition for writ of mandamus in which they ask this Court to
compel respondent, the Honorable Daniel Sklar, presiding judge of the 329th District Court of Wharton
County, to vacate his orders denying relators=
motions to transfer venue and to abate. 
After receiving a response from the real parties in interest, Central
Freight Lines (ACentral@) and Jim Kerry Nixon (ANixon@),
and after hearing oral argument, we deny relators=
petition for writ of mandamus.  








                                                A.  Background

On December 10, 2000, Mendoza,
while transporting two vehicles owned by Jofre, was involved in a collision
with a Central truck driven by Nixon. 
The collision occurred in Wharton County.  Thereafter, Mendoza filed suit against
Central and Nixon in the 275th District Court of Hidalgo County.  In the same suit, Mendoza also made an
uninsured/underinsured claim against Nelson=s
MGA, Inc., and CNA Reinsurance Company, Ltd., the managing general agency and
the insurance carrier, respectively, of a policy covering the vehicle Mendoza
was driving at the time of the accident. 
Mendoza alleged that venue was proper in Hidalgo County because he is a
resident alien of Hidalgo County, and because the contract for uninsured/underinsured
coverage is performable in Hidalgo County.

Central and Nixon filed a motion to
transfer venue, special exceptions, original answer and original counterclaim
in the Hidalgo County suit.  In response
to the counterclaim, Mendoza filed a claim for sanctions against Central and
Nixon, asserting that the counterclaim was frivolous.  The motion to transfer venue was set for
hearing on June 6, 2001.  On the day of the hearing, Mendoza non-suited all
his claims against Central and Nixon, except for his claim for sanctions
arising from the counterclaim.  The hearing was held as
scheduled, and the Hidalgo County court denied the motion to transfer
venue.  Later that same day, Mendoza
re-filed his non-suited claims against Central and Nixon.








On June 8, 2001, Central and Nixon non-suited
their counterclaims in Hidalgo County. 
Later that same day, Central and Nixon filed suit against relators in
the 329th District Court of Wharton County for damages arising out of the
December 10, 2000 motor vehicle accident. 
On August 10, 2001, relators filed a motion to transfer venue, motion to
abate, and original answer subject to the motion to transfer venue in the
Wharton County suit.  In their motion to
abate, relators argued that the issues presented in the Wharton County suit are
substantially the same as those presented in the Hidalgo County suit.  Relators also argued that the Wharton County
suit should be abated because the Hidalgo County court had dominant
jurisdiction, since they had first filed their lawsuit in Hidalgo County.  Respondent denied relators= motion to transfer venue and
motion to abate.

After respondent signed the orders
denying relators= motions to transfer venue and to
abate, counsel for Central and Nixon filed copies of respondent=s orders, along with a document
entitled ANotice of Ruling Determining
Dominant Jurisdiction@ in the Hidalgo County case.  While said notice asserts that dominant
jurisdiction now lies in the Wharton County court, neither the Wharton County
court nor the Hidalgo County court have issued any order directly interfering
with the other court=s hearing of the case.  In their petition for writ of mandamus,
relators ask this Court to compel respondent to vacate his orders denying relators= motion to transfer and motion to
abate.

                                          B.  Standard
of Review








A writ of mandamus will only issue
to correct a clear abuse of discretion or violation of a duty imposed by law
when there is no adequate remedy by appeal. 
Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig.
proceeding).  The party seeking relief
has the burden to present the appellate court with a record sufficient to
establish the right to mandamus.  Id. at 837. 
With respect to factual issues committed to the trial court's discretion,
the reviewing court may not substitute its judgment for that of the trial
court.  Id. at 839. 
On the other hand, a review of a trial court's determination of
controlling legal principles is entitled to much less deference.  Id. at 840. 
In our analysis, we Amust focus on the record that was
before the court and whether the decision was not only arbitrary but also
amounted >to a clear and prejudicial error of
law.=@ 
In re Bristol-Myers Squibb Co., 975 S.W.2d 601,
605 (Tex. 1998). 

Because relators ask this Court to
order respondent to rescind his orders denying relators= motions to abate and to transfer
venue, we will address these denials separately.

                                         D.  Venue
Determination

Generally, venue determinations as
a rule are not reviewable by mandamus.  In
re Masonite Corp., 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding).  However, a party may apply for a writ of
mandamus with an appellate court to enforce the mandatory venue provisions of
chapter 15 of the civil practice and remedies code.  Tex.
Civ. Prac. & Rem. Code Ann. ' 15.0642 (Vernon Supp. 2002).

Relators assert that mandamus is
appropriate in this case because venue is mandatory in Hidalgo County.  However, relators do not cite us to any
mandatory venue provision; rather, they argue that venue is mandatory in
Hidalgo County, as to the parties herein, by virtue of the Hidalgo County court=s denial of Central=s and Nixon=s motion to transfer venue.  Relators argue that because there can be no
re-hearing of the Hidalgo County court=s venue determination, venue is
mandatory in Hidalgo County.  See Tex. R. Civ. P. 87.  We disagree.








Section 15.0642 of the civil
practice and remedies code provides that mandamus is appropriate only to Aenforce the mandatory provisions of
. . . chapter [15].@ 
Tex. Civ. Prac. & Rem. Code
Ann. ' 15.0642 (Vernon Supp. 2002).  Relators do not contend that venue is
mandatory in Hidalgo County under any provision of chapter 15.  Moreover, relators, in their motion to transfer
venue filed in Wharton County, did not reference any mandatory venue provision
in support of their motion.  Accordingly,
we hold that respondent=s ruling on relators= motion to transfer venue may not
be reviewed by mandamus.

                                             E.  Motion
to Abate

Mandamus will issue only to correct
a clear abuse of discretion or violation of a duty imposed by law when that
abuse cannot be remedied by appeal.  Walker, 827 S.W.2d at
840.  We recognize that appeal is
ordinarily an adequate remedy to review incidental rulings on such matters as
pleas in abatement.  See Wyatt v. Shaw
Plumbing Co., 760 S.W.2d 245, 248 (Tex. 1988) (supreme court held trial
court erred in denying plea in abatement and ordered cause remanded to trial
court with instructions to vacate judgment and abate proceedings, implicitly
concluding that remedy by appeal is adequate). 
Moreover, the courts have specifically held that mandamus is generally
not available to review the refusal of a trial court to abate an action based
on the pendency of another action, unless one of the courts directly interferes
with the other by issuing a conflicting order or injunction.  Hall v. Lawlis, 907 S.W.2d 493, 494 (Tex. 1995) (orig. proceeding); Abor
v. Black, 695 S.W.2d 564, 567 (Tex. 1985) (orig. proceeding); Sweezy
Constr., Inc. v. Murray, 915 S.W.2d 527, 530 (Tex. App.BCorpus Christi 1995, orig.
proceeding). 

In this case, neither the Hidalgo County court nor the Wharton County court have
refrained from exercising jurisdiction, and they have not prohibited the
parties from pursuing their respective claims.  Accordingly, we hold that mandamus is not
proper in this case.  See Hall,
907 S.W.2d at 494; Abor, 695 S.W.2d at 567; Tex. Commerce Bank, N.A.
v. Prohl, 824 S.W.2d 228, 230-31 (Tex. App.BSan Antonio 1992, orig.
proceeding).








Relators= petition for writ of mandamus is
denied.  The stay previously issued by
this Court is lifted.

 

FEDERICO G. HINOJOSA

Justice

 

Publish.  Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

18th day of July, 2002.