In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-09-00447-CV


 _____________________



IN RE FREDERICK RAY AKINS AND LCST, LLC







Original Proceeding






MEMORANDUM OPINION



 Frederick Ray Akins and LCST, LLC, have filed a petition for writ of mandamus in
which they ask this Court to compel the trial court to vacate its order denying the relators'
motion to abate and to dismiss the action. In two issues, relators contend the trial court
abused its discretion by denying their motion to abate the case and by depriving relators of
the opportunity to present evidence before ruling on the motion to abate. Relators argue that
a Harris County district court in which related litigation is pending has dominant jurisdiction
over the dispute. We deny the petition for writ of mandamus. 

 Immanuel Home Health Care, Inc. sued Akins and LCST in the 55th District Court
of Harris County in 2007, took a default judgment against LCST, and then filed a petition for
receivership in the Liberty County District Court. The Liberty County district court
appointed a receiver for LCST. A few days after Immanuel filed its petition for receivership
in Liberty County, the Harris County district court denied Immanuel Home's no-evidence
motion for summary judgment against Akins. Seeking to impose liability on Akins for the
debts of LCST, Immanuel Home subsequently filed a motion for summary judgment in the
Liberty County case. Relators then filed a motion to abate the Liberty County proceedings
on the grounds that the Harris County court has dominant jurisdiction. The trial court has not
abated the case. (1) 

 "An action to have a receiver appointed for a corporation with property in this state
shall be brought in the county in which the principal office of the corporation is located." 
Tex. Civ. Prac. & Rem. Code Ann. § 64.071 (Vernon 2008). LCST's principal place of
business is in Liberty County. The record indicates mandatory venue for the receivership
action is in Liberty County. Compare Gonzalez v. Reliant Energy, Inc., 159 S.W.3d 615, 622
(Tex. 2005) ("The court in which suit is first filed generally acquires dominant jurisdiction
to the exclusion of other courts if venue is proper in the county in which suit was first
filed."); with Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245, 248 (Tex.1988) ("It is well
settled that when suit would be proper in more than one county, the court in which suit is first
filed acquires dominant jurisdiction to the exclusion of other courts."). 

 Assuming the Harris County district court maintains dominant jurisdiction over some
of the claims at issue in the Liberty County suit, the mandamus record filed in this case does
not support the issuance of a writ of mandamus. Appellate review usually provides an
adequate remedy for incidental rulings. See Abor v. Black, 695 S.W.2d 564, 566-67
(Tex.1985). Mandamus relief may be required to correct a trial court's erroneous refusal to
abate an action based on dominant jurisdiction in another court if one of the courts directly
interferes with the other by issuing a conflicting order or injunction. Compare In re SWEPI,
L.P., 85 S.W.3d 800, 809 (Tex. 2002), Curtis v. Gibbs, 511 S.W.2d 263, 265 (Tex. 1974),
and Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, 1072 (1926), with Hall v. Lawlis, 907
S.W.2d 493, 494 (Tex. 1995), and Abor v. Black, 695 S.W.2d at 567. The mandamus record
filed in this case does not reveal an interference by one of the courts upon the proceedings
in the other court. See Hall, 907 S.W.2d at 494. We overrule issue one.

 In their second issue, relators contend the trial court denied the relators an opportunity
to present evidence in support of their motion to abate. This assertion is not supported by the
mandamus record. The record shows that the trial court conducted a hearing and no evidence
offered by relators in the hearing was excluded by the trial court. We overrule issue two. 

 The petition for writ of mandamus is denied.

 PETITION DENIED.

 PER CURIAM

Submitted on October 16, 2009

Opinion Delivered November 12, 2009


Before McKeithen, C.J., Gaultney and Kreger, JJ. 

1. Neither party provided this Court with a copy of a written order signed by the trial
court.