# NO. 12-10-00199-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:  PRABHAKAR R.* | § | |
| *GUNIGANTI, M.D.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

By petition for writ of mandamus, Prabhakar R. Guniganti, M.D., challenges the trial court's order denying a motion to quash certain questions to be propounded by depositions on written questions and requiring disclosure of his personal income tax returns and supporting documents.[1] The real parties in interest are Vijay R. Pokala, M.D., Nacogdoches Cardiac Center, P.A., and Nacogdoches Cardiac Imaging Center, P.L.L.C.  We conditionally grant the petition.

## BACKGROUND

The underlying lawsuit involves a dispute between two business partners, Guniganti and Pokala. Guniganti, a cardiologist, opened a practice in Nacogdoches, the Nacogdoches Heart Clinic, P.A. (the Heart Clinic).  After a few years, the Heart Clinic hired Pokala, another cardiologist.  Several years later, Pokala purchased 45% ownership of the Heart Clinic. Guniganti and Pokala also became partners in East Texas Cardiovascular Labs, L.L.C. (the Cardiovascular Lab).  In February 2006, Guniganti and Pokala had a dispute, and Pokala stopped working at the Heart Clinic.[2] Pokala then opened a competing medical clinic in Nacogdoches, the Nacogdoches Cardiac Center (the Cardiac Center).  Later, Pokala opened the Nacogdoches Cardiac Imaging Center, P.L.L.C. (the Cardiac Imaging Lab).

---

[1] The respondent is the Honorable Campbell Cox, II, Judge of the 145th Judicial District Court, Nacogdoches County, Texas.

[2] Whether Pokala left the Heart Clinic voluntarily or was forced out is an issue in the underlying action.

Guniganti and the Heart Clinic filed suit against Pokala d/b/a the Cardiac Center seeking to enforce a covenant not to compete that Pokala signed when he became a part owner of the Heart Clinic. Pokala d/b/a the Cardiac Center and the Cardiac Imaging Lab then brought counterclaims and third party claims against Guniganti, the Heart Clinic, and the Cardiovascular Lab. Among other claims, Pokala alleged that Guniganti failed to properly distribute net profits from the Heart Clinic and the Cardiovascular Lab.

Discovery requests were sent by both sets of parties. The Guniganti parties sought discovery of Pokala's individual income tax returns, and likewise, the Pokala parties sought discovery of Guniganti's individual income tax returns. Initially, both Guniganti and Pokala objected to the production of their tax returns. After the trial court signed an agreed protective order, Pokala relented and produced his tax returns. Guniganti, however, continued to stand on his objections. Pokala filed a motion to compel the production of the tax returns. Pokala also served Guniganti with notice of his intent to take depositions by written questions from the former and current accountants for the Heart Clinic and the Cardiovascular Lab. Guniganti filed a motion to quash the questions requiring the production of Guniganti's personal financial and tax information. The trial court, after a hearing, denied Guniganti's motion to quash and ordered him to produce his individual income tax returns. Guniganti then filed this original proceeding and a motion for temporary relief, requesting a stay of the trial court's order pending a decision in this proceeding. We granted the stay.

## AVAILABILITY OF MANDAMUS

Ordinarily, mandamus will issue to correct a clear abuse of discretion where there is no adequate remedy by appeal. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992). When a trial court erroneously compels production of an individual's tax returns, appeal is an inadequate remedy. *Hall v. Lawlis*, 907 S.W.2d 493, 495 (Tex. 1995). Thus, in this case, we focus our review on whether the trial court abused its discretion in compelling the production of Guniganti's individual tax returns.

With respect to the resolution of factual matters or matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. *Walker*, 827 S.W.2d at 839. In such matters, the relators must establish that the trial court could reasonably have reached only

2

one decision. *Id.* at 840. Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Id.* Review of a trial court's determination of the legal principles controlling its ruling is much less deferential. *Id.* A trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* Consequently, a clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id.* The party seeking the writ of mandamus has the burden of showing that the trial court abused its discretion. *In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 935 (Tex. App.–Tyler 2005, orig. proceeding).

## DISCOVERY OF INDIVIDUAL INCOME TAX RETURNS

Guniganti argues that the trial court abused its discretion in ordering the production of his individual income tax returns because Pokala failed to demonstrate how the tax returns are relevant to the case. Conversely, Pokala argues that the trial court did not abuse its discretion because Guniganti's tax returns are relevant to Pokala's fraud claim, and that he and Guniganti agreed, pursuant to Texas Rule of Civil Procedure 191.1, that individual income tax returns are discoverable in this case.

### Governing Law

An individual's income tax returns are discoverable to the extent they are relevant and material to the case. *Hall*, 907 S.W.2d at 494. The party requesting the income tax returns must first demonstrate that they are relevant to the case. *Id.* at 495. We allow the discovery of income tax returns because the pursuit of justice between litigants outweighs the privacy right in the documents. *Maresca v. Marks*, 362 S.W.2d 299, 301 (Tex. 1962). However, because of the privacy right involved, courts must limit the discovery of individual income tax returns to only those portions of the returns that are relevant and material. *Id.* Further, if the same information is obtainable from other sources, courts should protect the privacy right. *In re House of Yahweh*, 266 S.W.3d 668, 674 (Tex. App.–Eastland 2008, orig. proceeding).

Unless specifically prohibited, discovery procedures and limitations may be modified by agreement of the parties. TEX. R. CIV. P. 191.1. As it affects an oral deposition, an agreement is enforceable if it is made a part of the record of the deposition. *Id.* Whenever possible, courts should give effect to parties' agreements. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 846 (Tex. 2008).

3

But for a Rule 191.1 agreement to be enforceable, the agreement must be complete in every material detail so that all of the essential elements of the agreement can be ascertained. *See* ***In re Burlington Coat Factory Warehouse***, 167 S.W.3d 827, 829 n.1 (Tex. 2005) (requiring same for Rule 11 agreement).

**Application**

Here, Pokala alleged that Guniganti failed to accurately distribute Pokala's share of the net profits from the Heart Clinic and the Cardiovascular Lab. Consequently, he requested Guniganti's individual income tax returns and supporting documents for certain tax years. Pokala also requested financial information directly related to the Heart Clinic and the Cardiovascular Lab. But the accountant for Guniganti, the Heart Clinic, and the Cardiovascular Lab sustained damage as a result of Hurricane Ike, and the entities' records for several tax years were lost. The accountant testified that Guniganti was given copies of the financial documents. Nevertheless, Guniganti has produced only limited information and has testified that he cannot find the other requested documents. Consequently, Pokala argued to the trial court that Guniganti's individual income tax returns are "vitally important" to determining whether the net profits were accurately distributed. Thus, this is a case where the requesting party has shown both relevance and an inability to obtain the requested information from another source. However, Pokala showed only that the portions of the tax returns pertaining to Guniganti's income from the Heart Clinic and the Cardiovascular Lab are relevant to the case.

Further, the Rule 191.1 agreement between Guniganti and Pokala does not require the production of individual tax returns. During Guniganti's deposition, the following agreement was stated on the record:

> [Counsel for the Pokala parties]: Prior to the depositions, we'd each filed and served deposition notices with subpoena duces tecum for production of documents. Counsel has agreed that we're going to produce the documents shortly, in the very near future, subject to an agreed protective order. And then, with respect to those new documents, we're each reserving the right to . . . re-open these depositions to ask questions about those documents to our respective clients.
>
> [Counsel for the Guniganti parties]: We agree.

The agreement does not include a waiver of any objections to the subpoenas duces tecum filed by the parties. In fact, after the parties made this agreement and the trial court signed the agreed

4

protective order, the Pokala parties filed objections and responses to the Guniganti parties' subpoena duces tecum. As stated on the record, the agreement simply allowed the parties to proceed with the depositions as scheduled even though requested documents had not been timely produced. The agreement further provided an avenue for additional questions—reopening the deposition—if necessary after the requested documents were produced.

In summary, Pokala showed that the portions of Guniganti's individual tax returns pertaining to his income from the Heart Clinic and the Cardiovascular Lab are relevant to the case. But the trial court ordered production of Guniganti's income tax returns in their entirety, including all supporting schedules and forms. Because the parties' agreement did not clearly relinquish the right of the parties to object to the production of individual income tax returns, the trial court could not rely on the agreement to require Guniganti to produce the tax returns. Therefore, we agree with Guniganti that the trial court abused its discretion by ordering Guniganti to produce all portions of his individual income tax returns. *See Maresca*, 362 S.W.2d at 301.

## DISPOSITION

Because the trial court abused its discretion in ordering Guniganti to produce his individual income tax returns in their entirety, we ***conditionally grant*** Guniganti's petition for writ of mandamus. We trust that the trial court will promptly vacate its June 17, 2010, order denying Guniganti's motion to quash and requiring Guniganti to produce full and complete copies of his individual income tax returns, including all schedules, forms, worksheets, or other attachments for each tax return, from 1999 to the present. The writ will issue only if the trial court fails to comply with this court's opinion and order ***within 10 days of the date of the opinion and order***. The trial court shall furnish this court, within the time for compliance with this court's opinion and order, a certified copy of its order evidencing compliance. This court's stay is lifted.

**BRIAN HOYLE**
Justice

Opinion delivered August 17, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

5

# *ORDER*

AUGUST 17, 2010

NO. 12-10-00199-CV

## PRABAHKAR R. GUNIGANTI, .M.D.,
RELATOR
V.
## HONORABLE CAMPBELLCOX,
RESPONDENT

---

## ORIGINAL PROCEEDING

---

On this day came on to be heard on the petition for writ of mandamus filed by **PRABAHKAR R. GUNIGANTI, M.D.**, Relator. Said petition for writ of mandamus having been filed herein on June 24, 2010, and the same having been duly considered, because it is the opinion of this Court that the petition is meritorious, it is therefore CONSIDERED, ADJUDGED AND ORDERED that the petition for writ of mandamus be, and the same is, **conditionally granted**.

And because it is further the opinion of this Court that the trial judge will act promptly and vacate his June 17, 2010, order denying Guniganti's motion to quash and requiring Guniganti to produce full and complete copies of his individual income tax returns, including all schedules, forms, worksheets, or other attachments for each tax return, from 1999 to the present, the writ will not issue unless the Honorable Campbell Cox, Judge of the 145th Judicial District Court, fails to comply with this Court's opinion and order **within ten (10) days** from the date of the opinion and order. This Court's stay of June 24, 2010 is lifted.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

6