Peters v









NO. 12-10-00199-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN RE:  PRABHAKAR R.                             
§                    

GUNIGANTI, M.D.,                                      
§                    ORIGINAL PROCEEDING

RELATOR                                                      
§







            MEMORANDUM
OPINION

            By petition for writ of mandamus, Prabhakar R. Guniganti, M.D., challenges
the trial court’s order denying a motion to quash certain questions to be
propounded by depositions on written questions and requiring disclosure of his
personal income tax returns and supporting documents.[1]  The
real parties in interest are Vijay R. Pokala, M.D., Nacogdoches Cardiac Center,
P.A., and Nacogdoches Cardiac Imaging Center, P.L.L.C.  We conditionally grant
the petition.

 

Background

The
underlying lawsuit involves a dispute between two business partners, Guniganti
and Pokala.  Guniganti, a cardiologist, opened a practice in Nacogdoches, the
Nacogdoches Heart Clinic, P.A. (the Heart Clinic).  After a few years, the
Heart Clinic hired Pokala, another cardiologist.  Several years later, Pokala
purchased 45% ownership of the Heart Clinic. Guniganti and Pokala also became
partners in East Texas Cardiovascular Labs, L.L.C. (the Cardiovascular Lab). 
In February 2006, Guniganti and Pokala had a dispute, and Pokala stopped
working at the Heart Clinic.[2]
 Pokala then opened a competing medical clinic in Nacogdoches, the
Nacogdoches Cardiac Center (the Cardiac Center).  Later, Pokala opened the
Nacogdoches Cardiac Imaging Center, P.L.L.C. (the Cardiac Imaging Lab).

Guniganti
and the Heart Clinic filed suit against Pokala d/b/a the Cardiac Center seeking
to enforce a covenant not to compete that Pokala signed when he became a part
owner of the Heart Clinic.  Pokala d/b/a the Cardiac Center and the Cardiac
Imaging Lab then brought counterclaims and third party claims against
Guniganti, the Heart Clinic, and the Cardiovascular Lab.  Among other claims,
Pokala alleged that Guniganti failed to properly distribute net profits from
the Heart Clinic and the Cardiovascular Lab.

Discovery
requests were sent by both sets of parties.  The Guniganti parties sought
discovery of Pokala’s individual income tax returns, and likewise, the Pokala
parties sought discovery of Guniganti’s individual income tax returns. 
Initially, both Guniganti and Pokala objected to the production of their tax
returns.  After the trial court signed an agreed protective order, Pokala
relented and produced his tax returns.  Guniganti, however, continued to stand
on his objections.  Pokala filed a motion to compel the production of the tax
returns.  Pokala also served Guniganti with notice of his intent to take
depositions by written questions from the former and current accountants for
the Heart Clinic and the Cardiovascular Lab.  Guniganti filed a motion to quash
the questions requiring the production of Guniganti’s personal financial and
tax information.   The trial court, after a hearing, denied Guniganti’s motion
to quash and ordered him to produce his individual income tax returns. Guniganti
then filed this original proceeding and a motion for temporary relief,
requesting a stay of the trial court’s order pending a decision in this
proceeding.  We granted the stay.

 

Availability of Mandamus

Ordinarily,
mandamus will issue to correct a clear abuse of discretion where there is no adequate
remedy by appeal.  In re Cerberus Capital Mgmt., L.P., 164 S.W.3d
379, 382 (Tex. 2005); Walker v. Packer, 827 S.W.2d 833, 839-40
(Tex. 1992).  When a trial court erroneously compels production of an
individual’s tax returns, appeal is an inadequate remedy.  Hall v. Lawlis,
907 S.W.2d 493, 495 (Tex. 1995).  Thus, in this case, we focus our review on
whether the trial court abused its discretion in compelling the production of
Guniganti’s individual tax returns.

With
respect to the resolution of factual matters or matters committed to the trial
court’s discretion, we may not substitute our own judgment for that of the
trial court.  Walker, 827 S.W.2d at 839.  In such matters, the
relators must establish that the trial court could reasonably have reached only
one decision.  Id. at 840.  Even if the reviewing court would
have decided the issue differently, it cannot disturb the trial court’s
decision unless it is shown to be arbitrary and unreasonable.  Id. 
Review of a trial court’s determination of the legal principles controlling its
ruling is much less deferential.  Id.  A trial court has no
discretion in determining what the law is or applying the law to the facts.  Id. 
Consequently, a clear failure by the trial court to analyze or apply the law
correctly constitutes an abuse of discretion.  Id.  The party
seeking the writ of mandamus has the burden of showing that the trial court
abused its discretion.  In re E. Tex. Med. Ctr. Athens, 154
S.W.3d 933, 935 (Tex. App.–Tyler 2005, orig. proceeding).

 

Discovery of Individual Income Tax Returns

Guniganti
argues that the trial court abused its discretion in ordering the production of
his individual income tax returns because Pokala failed to demonstrate how the
tax returns are relevant to the case.  Conversely, Pokala argues that the trial
court did not abuse its discretion because Guniganti’s tax returns are relevant
to Pokala’s fraud claim, and that he and Guniganti agreed, pursuant to Texas Rule
of Civil Procedure 191.1, that individual income tax returns are discoverable
in this case.  

Governing Law

An
individual’s income tax returns are discoverable to the extent they are
relevant and material to the case.  Hall, 907 S.W.2d at 494.  The
party requesting the income tax returns must first demonstrate that they are
relevant to the case.  Id. at 495.  We allow the discovery of
income tax returns because the pursuit of justice between litigants outweighs
the privacy right in the documents. Maresca v. Marks, 362 S.W.2d
299, 301 (Tex. 1962).  However, because of the privacy right involved, courts
must limit the discovery of individual income tax returns to only those
portions of the returns that are relevant and material.  Id.  Further,
if the same information is obtainable from other sources, courts should protect
the privacy right.  In re House of Yahweh, 266 S.W.3d 668, 674
(Tex. App.–Eastland 2008, orig. proceeding).

            Unless
specifically prohibited, discovery procedures and limitations may be modified
by agreement of the parties.  Tex. R. Civ. P. 191.1.  As it affects an oral deposition, an agreement is
enforceable if it is made a part of the record of the deposition.  Id.  Whenever
possible, courts should give effect to parties’ agreements.  In re BP
Prods. N. Am., Inc., 244 S.W.3d 840, 846 (Tex. 2008).  But for a Rule
191.1 agreement to be enforceable, the agreement must be complete in every
material detail so that all of the essential elements of the agreement can be
ascertained.  See In re Burlington Coat Factory Warehouse, 167
S.W.3d 827, 829 n.1 (Tex. 2005) (requiring same for Rule 11 agreement). 

Application

            Here,
Pokala alleged that Guniganti failed to accurately distribute Pokala’s share of
the net profits from the Heart Clinic and the Cardiovascular Lab.  Consequently,
he requested Guniganti’s individual income tax returns and supporting documents
for certain tax years.  Pokala also requested financial information directly
related to the Heart Clinic and the Cardiovascular Lab.  But the accountant for
Guniganti, the Heart Clinic, and the Cardiovascular Lab sustained damage as a
result of Hurricane Ike, and the entities’ records for several tax years were lost. 
The accountant testified that Guniganti was given copies of the financial
documents.  Nevertheless, Guniganti has produced only limited information and
has testified that he cannot find the other requested documents. Consequently,
Pokala argued to the trial court that Guniganti’s individual income tax returns
are “vitally important” to determining whether the net profits were accurately
distributed.  Thus, this is a case where the requesting party has shown both relevance
and an inability to obtain the requested information from another source.  However,
Pokala showed only that the portions of the tax returns pertaining to
Guniganti’s income from the Heart Clinic and the Cardiovascular Lab are relevant
to the case.

            Further,
the Rule 191.1 agreement between Guniganti and Pokala does not require the
production of individual tax returns.  During Guniganti’s deposition, the
following agreement was stated on the record:

 

[Counsel for the Pokala parties]: Prior to the
depositions, we’d each filed and served deposition notices with subpoena duces
tecum for production of documents. Counsel has agreed that we’re going to
produce the documents shortly, in the very near future, subject to an agreed
protective order.  And then, with respect to those new documents, we’re each
reserving the right to . . . re-open these depositions to ask questions about
those documents to our respective clients.

 

[Counsel for the Guniganti parties]:  We agree.

 

 

 The
agreement does not include a waiver of any objections to the subpoenas duces
tecum filed by the parties.  In fact, after the parties made this agreement and
the trial court signed the agreed protective order, the Pokala parties filed
objections and responses to the Guniganti parties’ subpoena duces tecum.  As
stated on the record, the agreement simply allowed the parties to proceed with
the depositions as scheduled even though requested documents had not been
timely produced.  The agreement further provided an avenue for additional
questions—reopening the deposition—if necessary after the requested documents
were produced.

            In
summary, Pokala showed that the portions of Guniganti’s individual tax returns
pertaining to his income from the Heart Clinic and the Cardiovascular Lab are
relevant to the case.  But the trial court ordered production of Guniganti’s income
tax returns in their entirety, including all supporting schedules and forms.  Because
the parties’ agreement did not clearly relinquish the right of the parties to
object to the production of individual income tax returns, the trial court
could not rely on the agreement to require Guniganti to produce the tax
returns. Therefore, we agree with Guniganti that the trial court abused its
discretion by ordering Guniganti to produce all portions of his individual income
tax returns.  See Maresca, 362 S.W.2d at 301.

 

Disposition

Because
the trial court abused its discretion in ordering Guniganti to produce his individual
income tax returns in their entirety, we conditionally grant Guniganti’s
petition for writ of mandamus.  We trust that the trial court will promptly
vacate its June 17, 2010, order denying Guniganti’s motion to quash and requiring
Guniganti to produce full and complete copies of his individual income tax
returns, including all schedules, forms, worksheets, or other attachments for
each tax return, from 1999 to the present.  The writ will issue only if the
trial court fails to comply with this court’s opinion and order within 10
days of the date of the opinion and order.  The trial court shall
furnish this court, within the time for compliance with this court’s opinion
and order, a certified copy of its order evidencing compliance.  This court’s stay
is lifted.

                                                                             Brian
Hoyle

                                                                                                  
     Justice

 

Opinion delivered August 17,
2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

(PUBLISH)








ORDER

 

AUGUST 17, 2010

 

no. 12-10-00199-CV

 

PRABAHKAR R. GUNIGANTI,
.M.D.,

Relator

v.

HONORABLE CAMPBELLCOX,

RESPONDENT







 

ORIGINAL
PROCEEDING







 

                                    On
this day came on to be heard on the petition for writ of mandamus filed by PRABAHKAR R.
GUNIGANTI, M.D., Relator.  Said petition for writ of mandamus
having been filed herein on June 24, 2010, and the same having been duly
considered, because it is the opinion of this Court that the petition is
meritorious, it is therefore CONSIDERED, ADJUDGED AND ORDERED that the petition
for writ of mandamus be, and the same is, conditionally granted. 

                                    And
because it is further the opinion of this Court that the trial judge will act
promptly and vacate his June 17, 2010, order denying Guniganti’s motion to
quash and requiring Guniganti to produce full and complete copies of his individual
income tax returns, including all schedules, forms, worksheets, or other
attachments for each tax return, from 1999 to the present, the writ will not
issue unless the Honorable Campbell Cox, Judge of the 145th Judicial District
Court, fails to comply with this Court’s opinion and order within ten (10)
days from the date of the opinion and order.  This Court’s stay of June 24,
2010 is lifted.

                                    Brian
Hoyle, Justice.

                                    Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 









                        [1] The respondent is
the Honorable Campbell Cox, II, Judge of the 145th Judicial District Court,
Nacogdoches  County, Texas.

 





                        [2] Whether Pokala
left the Heart Clinic voluntarily or was forced out is an issue in the
underlying action.