Motion Denied; Petition for Writ of
Mandamus Denied and Memorandum Opinion filed July 14, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00587-CV

____________

 

IN RE WESTERN RIM INVESTORS 2006-3, L.P.,

WESTERN RIM INVESTORS 2006-4, L.P.,

WESTERN RIM INVESTORS 2006-5, L.P.,

WESTERN RIM INVESTORS 2007-1, L.P.,

MANSIONS CUSTOM HOMES III, LP,

CASCADES OF TYLER JOINT VENTURE, L.L.P.,

CASCADES OF TYLER HOMES JOINT VENTURE, L.L.P.

and MARCUS HILES , Relators

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

270th District Court

Harris County, Texas

Trial Court Cause No. 2010-42061

 

 

 



M E M O R
A N D U M   O P I N I O N

            On July 11, 2011, relators filed a petition for writ of
mandamus in this court.  See Tex. Gov’t Code § 22.221; see also
Tex. R. App. P. 52.  Relators complain that respondent, the Honorable Brent
Gamble, presiding judge of the 270th District Court of Harris County, abused
his discretion in refusing to continue the trial scheduled for July 18, 2011,
and denying their motion to abate, which asserted dominant jurisdiction in
Dallas County.  Relators also filed a motion for temporary relief asking that
this court stay all proceedings in the trial court pending resolution of this
proceeding.  See Tex. R. App. P. 52.10.

            The underlying dispute arose from the alleged breach of an
agreement for the real party in interest, Arnie & Company, P.C., to provide
forensic accounting services to relators in connection with a previous
lawsuit.  Relators filed suit against the real party and others in Dallas
County on June 15, 2010.  On July 8, 2010, the real party filed suit on a sworn
account against relators in Harris County for collection of fees under the
contract.  On December 16, 2010, the Harris County trial court denied relators’
motion to transfer venue to Dallas County.  The court then denied relators’ motion
to abate on February 18, 2011.  On July 8, 2011, the count denied relators’
motion for continuance of the trial scheduled for July 18, 2011.  Relators then
filed this petition for writ of mandamus and motion for stay.

            Mandamus relief is available if the trial court abuses its
discretion, either in resolving factual issues or in determining legal
principles, when there is no other adequate remedy by law.  See Walker v.
Packer, 827 S.W.2d 833, 839–40 (Tex. 1992).  A trial court abuses its
discretion if it reaches a decision so arbitrary and unreasonable as to amount
to a clear and prejudicial error of law, or if it clearly fails to analyze or
apply the law correctly.  In re Cerberus Capital Mgmt., L.P., 164 S.W.3d
379, 382 (Tex. 2005).

            The denial of a motion for continuance is an incidental trial
ruling ordinarily not reviewable by mandamus.  Gen. Motors Corp. v. Gayle,
951 S.W.2d 469, 477 (Tex. 1997).  Relators have not presented unique
circumstances justifying extraordinary relief for complaints historically not
subject to mandamus.  See In re Prudential Ins. Co. of Am., 148 S.W.3d
124, 136-37 (Tex. 2004).

            Appeal also ordinarily provides an adequate remedy to review other
incidental rulings, such as pleas in abatement.  Wyatt v. Shaw Plumbing Co.,
760 S.W.2d 245, 248 (Tex. 1988).  The Supreme Court has held that mandamus
relief is not available to address a trial court’s refusal to abate a suit
based on dominant jurisdiction unless there is a conflict in jurisdiction where
one of the trial courts issues an order that actively interferes with the other
court or enjoins the other from proceeding.  Abor v. Black, 695 S.W.2d
564, 567 (Tex. 1985); see also Hall v. Lawlis, 907 S.W.2d 493,
494 (Tex. 1995) (orig. proceeding) (“In the absence of such interference, the
refusal to abate can be adequately reviewed on appeal

            Relators have not established entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relators’
petition for writ of mandamus and motion for temporary relief.

 

PER CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Seymore and Boyce.