

# NUMBER 13-20-00437-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE BENCHMARK FILING & SHELVING SYSTEMS, INC. AND WILLIAM MORRIS

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Benavides[1]

Relators Benchmark Filing & Shelving Systems, Inc. and William Morris filed a petition for writ of mandamus in the above referenced cause through which they contend that the trial court abused its discretion by denying relators' motions for protective orders

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

and granting a motion to compel discovery in favor of the real party in interest, Susan Lucas.

Mandamus is both an extraordinary remedy and a discretionary one. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). For mandamus to issue, the relator must show that the trial court abused its discretion and that no adequate appellate remedy exists to cure the error. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding); *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). As it pertains to this case, a discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy. *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 223 (Tex. 2016) (orig. proceeding) (per curiam); *In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009) (orig. proceeding) (per curiam); *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by Lucas, relators' reply, and the applicable law, is of the opinion that the relators have not met their burden to obtain relief. *See Hall v. Lawlis*, 907 S.W.2d 493, 494–95 (Tex. 1995) (orig. proceeding) (per curiam); *Maresca v. Marks*, 362 S.W.2d 299, 301 (Tex. 1962) (orig. proceeding); *El Centro del Barrio, Inc. v. Barlow*, 894 S.W.2d 775, 779–80 (Tex. App.—San Antonio 1994, orig. proceeding); *see also In re Vaughan*, No. 13-18-00541-CV, 2019 WL 962381, at *4 (Tex. App.—Corpus Christi–Edinburg Feb. 27,

2019, orig. proceeding [mand. denied]) (mem. op.). Accordingly, we DENY the petition for writ of mandamus.

GINA M. BENAVIDES
Justice

Delivered and filed on the
21st day of January, 2021.