In re BREWER LEASING, INC. and Texas Stretch, Inc., Relators.

No. 01–08–00120–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 22, 2008.

Rehearing Overruled May 13, 2008.

George T. Jackson, Megan L. Knudsen, Burck, Lapidus & Lanza, P.C., Marvin B. Peterson, Law Offices of Marvin B. Peterson, Houston, TX, for Relators.

Harry Herzog, Herzog, Carp & McManus, Houston, TX, for Real Party in Interest.

Panel consists of Justices TAFT, KEYES, and ALCALA.

## OPINION

ELSA ALCALA, Justice.

This petition for writ of mandamus concerns discovery requests to produce financial records and tax returns. Relators, Brewer Leasing, Inc. (Brewer) and Texas Stretch, Inc., challenge the trial court's order granting the motion to compel production of documents filed by real party in interest, Marcus Bruce Patterson.[1] We

conclude that the trial court did not abuse its discretion by ordering the production of the financial records to show the net worth of the corporations. However, the court erred by ordering the production of the tax returns because Patterson did not show that the tax returns were necessary to show net worth in light of the other documents ordered produced. We deny the petition for writ of mandamus for the financial records, and grant it for the income tax returns.

## Background

In June 2006, an eighteen-wheeler truck owned by Brewer collided with many vehicles on a freeway, resulting in the death of Patterson's wife. The driver of the truck, who was employed by Texas Stretch, tested positive for cocaine. Patterson filed suit against Brewer and Texas Stretch, asserting a claim for gross negligence and seeking punitive damages, as well as other claims.

In his fourth request for production, Patterson requested that Brewer and Texas Stretch each produce (1) tax returns for 2002 through 2006; (2) financial statements for 2002 through 2006; (3) all 2007 monthly financial statements; (4) bank statements from January 1, 2005 through May 30, 2007; and (5) any document reflecting any transfer of assets from each of the corporations to any other person or entity from June 1, 2006 through the present.

The corporations each asserted objections to the requests for production. Brewer objected by asserting that the request was "vague, overly broad, unduly burdensome and harassing and to the extent that it seeks irrelevant information

---

1. The underlying case is *Marcus Brent Patterson, Individually, and As Next Friend of Daniel Patterson and Danae Patterson v. Brewer Leasing, Inc., Texas Stretch, Inc. and Charles* *Hitchens, Individually*, cause number 2006–76647, in the 334th Judicial District Court of Harris County, Texas, the Hon. Sharon McCally presiding.

and information not reasonably calculated to lead to the discovery of admissible and/or relevant evidence." Brewer also objected "on the grounds that it requests extraneous documents and/or documents not necessary to determine net worth regarding the issue of punitive or exemplary damages." In its objections, Texas Stretch stated that the requests were too remote, not relevant nor material to any issue in the litigation, and that tax returns are generally not discoverable in Texas.

Without waiving its objections and pursuant to a confidentiality agreement with Patterson, each of the corporations produced a balance sheet in response to the requests for production. The balance sheets were each preceded by an accountant's letter describing how the figures were calculated. The accountant who prepared the balance sheet for Brewer said that it was "prepared on the cash basis of accounting which is a comprehensive basis of accounting other than generally accepted accounting principles." The accountant who prepared the balance sheet for Texas Stretch stated that it was prepared "in accordance with Statements on Standards for Accounting and Review Services issued by the American Institute of Certified Public Accountants." In each letter, the accountant stated that he did "not express an opinion or any other form of assurance" on the balance sheet because the information came from the corporation's financial statements, which had not been audited or reviewed. Further, the accountant's statement for Texas Stretch includes the disclaimer, "the accompanying financial statements are not intended to present financial position and results of operations in conformity with accounting principles generally accepted in the United States of America."

In response to the motion to compel production of documents filed by Patter-son, the trial court, on August 27, 2007, granted the motion to compel production. Brewer and Texas Stretch each filed a motion for reconsideration, but the motions were denied in March 2008. The corporations seek mandamus relief to compel the trial court to (1) vacate the order granting the motion to compel production and (2) deny Patterson's motion to compel.

### Applicable Law for Mandamus Relief in Discovery Requests

■ Mandamus relief is available only to correct a "clear abuse of discretion" when there is no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding). Clear abuse of discretion occurs when a trial court "reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* at 839 (citing *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985) (orig.proceeding)). The reviewing court may not substitute its judgment for that of the trial court when reviewing factual issues. *Id.* at 839–40. Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless the decision is shown to be arbitrary and unreasonable. *Id.* at 840.

■ When the trial court orders discovery exceeding the scope permitted by the rules of procedure, it abuses its discretion. *In re CSX Corp.,* 124 S.W.3d 149, 152 (Tex.2003) (orig.proceeding). Mandamus review is proper for discovery that is "well outside the proper bounds." *In re Am. Optical Corp.,* 988 S.W.2d 711, 713 (Tex.1998) (orig.proceeding). The scope of discovery is generally within the trial court's discretion. *Dillard Dept. Stores, Inc. v. Hall,* 909 S.W.2d 491, 492 (Tex. 1995). Discovery requests, however, must be reasonably tailored to include only matters relevant to the case. *Texaco, Inc. v.*

*Sanderson,* 898 S.W.2d 813, 815 (Tex. 1995).

The ambit of discovery is broad and permits parties to seek discovery "regarding any matter that is not privileged and is relevant to the subject matter of the pending action. . . ." Tex.R. Civ. P. 192.3(a). Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information. Tex.R. Evid. 401.

■ There is no dispute that evidence of net worth is relevant to this lawsuit and discoverable because Patterson seeks punitive damages, which are recoverable for gross negligence. *See* Tex. Civ. Prac. & Rem.Code § 41.003(a); *Lunsford v. Morris,* 746 S.W.2d 471, 473 (Tex.1988). The question before us is limited to whether Patterson is entitled to discover financial records and income tax returns to show the net worth of Brewer and Texas Stretch, when the corporations have already provided balance sheets that purport to show their net worth.

### Financial Records

Brewer and Texas Stretch contend that they should not be required to produce financial statements, bank statements, and documents referring to transfer of assets because they have already produced balance sheets that show the net worth of the corporations. Patterson responds that the balance sheets do not adequately portray the net worth of the corporations and that the financial documents therefore do not duplicate the information provided by the balance sheets.

### A. Burden is on Party Seeking to Prevent Production

■ "The general rule in financial records production cases is that the burden on the discovery of financial records

lies with the party seeking to prevent production." *In re Patel,* 218 S.W.3d 911, 916 (Tex.App.-Corpus Christi 2007, orig. proceeding). A trial court does not abuse its discretion by ordering the production of financial documents that are relevant and material to prove net worth. *See Lunsford,* 746 S.W.2d at 473; *In re Garth,* 214 S.W.3d 190, 194 (Tex.App.-Beaumont 2007, orig. proceeding); *Delgado v. Kitzman,* 793 S.W.2d 332, 333 (Tex.App.-Houston [1st Dist.] 1990, orig. proceeding); *Miller v. O'Neill,* 775 S.W.2d 56, 59 (Tex.App.-Houston [1st Dist.] 1989, orig. proceeding). However, a trial court does abuse its discretion by ordering the production of financial records "that would not necessarily evidence" net worth. *Garth,* 214 S.W.3d at 194.

### B. Balance Sheets Already Provided are not Duplicative

■ To support their contention that production of their balance sheets makes discovery of other financial documents unnecessary and duplicative, Brewer and Texas Stretch point to *Garth,* which states,

The trial court also ordered the individuals to produce other categories of documents not necessarily reflective of their net worth. These documents included, but were not limited to, income statements, bank statements, insurance applications, contracts of assignment, accounts receivable, data, inventory lists and judgments. We hold that such documents are subject to the same analysis as the request for income tax returns. Because these documents would not necessarily show a person's net worth, they are not presumed relevant. Kaiser made no record to demonstrate their relevance here, particularly in light of the trial court's order requiring the production of certain financial statements.

*Id.; see also Sears, Roebuck & Co. v. Ramirez,* 824 S.W.2d 558, 559 (Tex.1992) (holding Sears's tax return not discoverable, stating, "There is no justification for requiring Sears to produce the same information in different form."). The *Garth* court ordered the production of the balance sheets, but it did not describe what type of certification would have to accompany the balance sheets for the balance sheets to be adequate evidence of net worth. *Garth,* 214 S.W.3d at 194. However, in *Ramirez,* the Texas Supreme Court described the type of discovery that would be adequate to obviate the need to discover tax returns. *Ramirez,* 824 S.W.2d at 559. Sears disclosed its net worth "by providing its audited and certified annual reports" and by including an affidavit by the Manager of Federal Income Tax Returns for Sears that stated that the annual reports accurately reflected Sears's net worth. *Id.* Brewer and Texas Stretch contend that their situation is like that in *Garth* and *Ramirez* because the balance sheets that they have produced makes the discovery of other financial records unnecessarily duplicative. *See Ramirez,* 824 S.W.2d at 559; *Garth,* 214 S.W.3d at 194.

We cannot agree that the balance sheets provided by Brewer and Texas Stretch are the equivalent of Sears's annual report found adequate to constitute the sole evidence of net worth in *Ramirez. Ramirez,* 824 S.W.2d at 559. Unlike the Sears disclosure of net worth, here the balance sheets are not audited, not certified, and do not include any affidavit or other statement to represent that they accurately reflect the net worth of the corporations. *See id.* We also note that *Garth* is not instructive on this matter because it is silent concerning the type of certification that must accompany the balance sheets. *See Garth,* 214 S.W.3d at 194. More specifically, the *Garth* court does not say whether the balance sheets must have the type of certification offered by Sears or whether the type of certification offered here would be sufficient. *See id.*

The trial court implicitly determined that the balance sheets were inadequate evidence of the net worth of the corporations by ordering that the other financial records be produced. Nothing in the record before us shows that the trial court abused its discretion by making that assessment. As the opponents of the discovery with the burden to show that they should not have to produce the records, Brewer and Texas Stretch have not shown that production of the financial records would duplicate information already provided. *See Patel,* 218 S.W.3d at 916 (stating that opponent of discovery has burden to show production unwarranted). We hold that the trial court did not abuse its discretion by ordering production of the financial records, including financial statements, bank statements, and documents referring to transfer of assets.

### Income Tax Returns

Brewer and Texas Stretch contend that the tax returns requested by Patterson are irrelevant, immaterial, duplicative, and an abuse of the discovery process. Patterson responds that the tax returns are relevant to establishing the net worth of the corporations, and that the tax returns will not duplicate information already provided because the balance sheets provided by the corporations do not adequately portray net worth.

### A. Burden is on Party Seeking to Obtain the Tax Return

After a party objects to the production of discovery, the party seeking to obtain the tax returns has the burden to show that the tax returns are relevant and material to the issues in the case. *El*

*Centro del Barrio, Inc. v. Barlow,* 894 S.W.2d 775, 779 (Tex.App.-San Antonio 1994, no writ). The burden is thus unlike general discovery requests, which place the burden on the party resisting the discovery. *See Patel,* 218 S.W.3d at 916. Here, Patterson has the burden to show that the tax returns of the corporations are discoverable.

## B. Discovery of Tax Returns Must be Necessary and Not Duplicative

The Supreme Court of Texas has repeatedly expressed its "reluctance to allow uncontrolled and unnecessary discovery of federal income tax returns." *Hall v. Lawlis,* 907 S.W.2d 493, 494–95 (Tex. 1995) (citing *Ramirez,* 824 S.W.2d at 559). The reason tax returns are treated differently from other discovery requests of financial matters is because federal income tax returns are considered private and the protection of that privacy is determined to be of constitutional importance. *Maresca v. Marks,* 362 S.W.2d 299, 301 (Tex.1962) (holding that trial court abused discretion by ordering entire income tax returns for individuals and corporations "without separation of the relevant and material parts from the irrelevant and immaterial parts"). The sacrifice of privacy should be "kept to the minimum, and this requires scrupulous limitation of discovery to information furthering justice between the parties which, in turn, can only be information of relevancy and materiality to the matters in controversy." *Id.* Because "privacy once broken ... cannot be retrieved," mandamus relief is proper when a trial court orders the production of tax returns that are immaterial and irrelevant to the cause in which discovery was sought. *Id.*

Tax returns may be discovered only when the "pursuit of justice between litigants outweighs protection of their privacy." *Id.* "Income tax returns are discoverable to the extent they are relevant and material to the issues presented in the lawsuit." *Hall,* 907 S.W.2d at 494. But tax returns may not be discovered when the corporation has provided audited and certified annual reports to show the net worth of the corporation because the tax returns are unnecessarily duplicative of the information already provided. *Ramirez,* 824 S.W.2d at 559. Further, if there are other adequate methods to ascertain net worth, the trial court should not allow discovery of tax returns. *Garth,* 214 S.W.3d at 194 (trial court abuses discretion by requiring production of tax returns when trial court's order also requires production of financial statements regarding net worth of party because tax returns are typically of little value in showing net worth since they show only assets); *Chamberlain v. Cherry,* 818 S.W.2d 201, 207 (Tex.App.-Amarillo 1991, no writ) (holding that trial court did not abuse discretion in refusing to allow discovery of income tax returns because party seeking to obtain tax returns did not attempt to obtain other evidence of net worth, such as financial statements, and made no showing that tax returns were relevant to determination of party's financial position); *see also Wal-Mart Stores, Inc. v. Alexander,* 868 S.W.2d 322, 331 (Tex.1993) (Gonzalez, J. concurring) ("[T]rial courts should not allow discovery of private financial records, such as tax returns, when there are other adequate methods to ascertain net worth, such as audited financial reports or W–2 statements."). For Patterson to prevail in his request to obtain the tax returns, he has the burden to show that the corporate tax returns he seeks to obtain are relevant to show the net worth of the corporations, that the tax returns would not duplicate the information already provided in the balance sheets tendered by the corporations, or duplicate the other financial records pertaining to net worth that were

ordered produced by the trial court. *See Alexander,* 868 S.W.2d at 331; *Ramirez,* 824 S.W.2d at 559; *Chamberlain,* 818 S.W.2d at 207.[2]

### 1. Relevancy of Corporate Tax Returns to Show Net Worth

■ Patterson maintains that we should apply a different standard to our evaluation of corporate tax returns because, according to Patterson, corporate returns include probative information about net worth that is not found in individual tax returns, such as a balance sheet and depreciation schedules that list assets. Patterson also says that we should apply a different rule to corporations because individuals have a greater interest in the privacy of tax returns than corporations. Patterson, however, offers no authority to support his statements. More importantly, the Texas Supreme Court has never applied a different standard to corporations in its assessment of the probative value of tax returns and the privacy concerns in the release of tax returns. *See Ramirez,* 824 S.W.2d at 559 (expressing its "reluctance to allow uncontrolled and unnecessary discovery of federal income tax returns" when disallowing corporations's tax return that was duplicative of certified annual report of net worth); *Maresca,* 362 S.W.2d at 301 (disallowing discovery of income tax returns for individuals and corporations by applying same standard). Binding precedent from the Texas Supreme Court requires that we hold that corporations have a privacy interest in their tax returns and that the tax returns are not discoverable if the returns serve only to duplicate other reliable evidence that establishes the net worth of the corporation. *See Ramirez,* 824 S.W.2d at 559; *Maresca,* 362 S.W.2d at 301.

### 2. Tax Returns Are Duplicative

■ Having already determined that we agree with Patterson that the uncertified balance sheets are not duplicative of the financial records that he must produce, for those same reasons we conclude that the uncertified balance sheets are not duplicative of the tax returns. However, we conclude that Patterson has failed to show that the tax returns would not be unnecessarily duplicative of the other financial records ordered produced by the trial court, namely the financial statements for a period of five years, the 2007 monthly financial statements, the bank statements for a period of time of over two years, and all documents reflecting any transfer of assets from each of the corporations to any other person or entity from June 1, 2006 through the present. Requiring disclosure of federal income tax returns is a clear abuse of discretion because Patterson did not meet his burden to show that the tax returns were necessary to show net worth in light of the other documents ordered produced to show net worth. *See Ramirez,* 824 S.W.2d at 559. We hold that the trial court abused its discretion by ordering Brewer to produce the tax records.

### Conclusion

By granting the motion to compel production on August 27, 2007, the trial court did not abuse its discretion for financial

---

**2.** In two cases, we granted production of both income tax returns and net worth statements to show net worth. *Delgado v. Kitzman,* 793 S.W.2d 332, 333 (Tex.App.-Houston [1st Dist.] 1990, no writ); *Miller v. O'Neill,* 775 S.W.2d 56, 59 (Tex.App.-Houston [1st Dist.] 1989, no writ). However, these decisions predated the Texas Supreme Court's ruling in *Ramirez,* and we therefore did not assess whether production of net worth information found in financial statements would obviate the need to discover tax returns. *See Sears, Roebuck & Co. v. Ramirez,* 824 S.W.2d 558, 559 (Tex. 1992) (tax return not discoverable because duplicative of other financial records provided).

record production but abused its discretion for income tax return production. Consequently, we deny the petition for writ of mandamus for financial record production and grant the petition for writ of mandamus for income tax return production. We also lift our temporary stay on discovery proceedings. We are confident that the trial court will act promptly in accord with this opinion, and our writ will issue only if it does not.[3]

---

**3.** We are mindful that our opinion is based solely on the record before us and we express no opinion regarding whether, after additional discovery, the tax returns could be shown to be material. *See Kern v. Gleason,* 840 S.W.2d 730, 735–37 (Tex.App.-Amarillo 1992, no writ) (noting that if alternate source of information proves to be incomplete, renewed request for income tax returns could be made).