**Deny Writ and Opinion Filed October 23, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01344-CV

### IN RE DAVID D. KIM, M.D., Relator

**Original Proceeding from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-11-01461-C**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice FitzGerald, and Justice Francis
Opinion by Justice FitzGerald

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to vacate its oral rulings of September 25, 2014 regarding discovery of net worth documents. Relator contends that the discovery allowed is overly broad. The facts and issues are well-known to the parties so we do not recount them here.

The trial court has not yet reduced its order to writing. In the absence of a written order of the trial court, as support for his petition relator has provided, among other things, a copy of the transcript of a hearing on his motion to quash, a copy of the notice of deposition with subpoena duces tecum he received, and his objections and responses to the subpoena duces

tecum.[1] These three items must be read together to attempt to determine how the trial court ruled on each request for production.

An appellate court may grant mandamus on the basis of an oral order that is clear, specific, enforceable and adequately shown by the record.[2] An appellate court can determine whether an oral order meets these criteria by reviewing the reporter's record from the hearing.[3] In this case, the transcript of the hearing standing alone and without reference to ancillary documents does not reveal a pronouncement of the trial court that is sufficiently clear to set forth the precise contours of the trial court's order regarding discovery of net worth information. The transcript standing alone does not allow us to determine whether the trial court has ordered discovery that is sufficiently narrowly tailored to provide an accurate reflection of the relator's net worth.[4] The transcript standing alone also does not permit us to determine whether the trial court has ordered discovery that unduly invades the relator's financial privacy,[5] is cumulative,[6] or is not clearly relevant to the calculation of net worth.[7]

---

[1] In the interest of judicial economy, under the particular facts of this case, we address the sufficiency of the oral order, but we also pause to note that although the relator has provided an affidavit of counsel that seeks to authenticate the mandamus record, that affidavit does not swear that the documents in support of the petition for writ of mandamus are true and correct copies of the pleadings on file in the trial court and the reporter's transcript of the hearings conducted in this matter. Instead the affidavit avers "all the documents included in the Record are material to Relator's claims, and are either pleadings that are on file in the underlying suit, hearing transcripts and exhibits in the underlying suit, or orders signed by the trial court in the underlying suit." Because the record in a mandamus proceeding is assembled by the parties, *see* TEX. R. APP. P. 52.3(j), 52.3(k), this Court strictly enforces the authentication requirements of rule 52 of the rules of appellate procedure to ensure the integrity of the mandamus record. *See In re Butler,* 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding) (finding affidavit insufficient to authenticate record because it did not state affiant had "personal knowledge the copy of the order in the appendix is a correct copy of the original.").

[2] *In re Penney,* No. 05-14-00503-CV, 2014 WL 2532307, at *2 n.3 (Tex. App.—Dallas June 4, 2014, no pet.); *In re Bledsoe,* 41 S.W.3d 807, 811 (Tex. App.—Fort Worth 2001, orig. proceeding).

[3] *Bledsoe,* 41 S.W.3d at 811; *see also In re Winters,* No. 05–08–01486–CV, 2008 WL 5177835, at *1 n.1 (Tex. App.—Dallas Dec. 11, 2008, orig. proceeding) (mem. op.); *In re Bill Heard Chevrolet, Ltd.,* 209 S.W.3d 311, 314 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

[4] *See In re Brewer Leasing, Inc.,* 255 S.W.3d 708, 713 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding) (permitting additional net worth discovery where trial court implicitly found that previously provided unaudited balance sheets did not adequately represent the net worth of the relator).

[5] *See In re Jacobs,* 300 S.W.3d 35, 46 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding) (commenting that permitting discovery of personal finances raises serious privacy concerns and provides opportunities for harassment); *see also Wal–Mart Stores, Inc. v. Alexander,* 868 S.W.2d 322, 331–32 (Tex. 1993) (Gonzalez, J., concurring) (discussing potential for abuse in discovery of net worth information)

[6] *See Sears, Roebuck & Co. v. Ramirez,* 824 S.W.2d 558, 559 (Tex. 1992) (orig. proceeding) (where there was no indication that annual reports did not accurately reflect net worth, order allowing discovery of tax returns was an abuse of discretion because it required the production of the same information in a different form).

[7] *See In re House of Yahweh,* 266 S.W.3d 668, 674 (Tex. App.—Eastland 2008, orig. proceeding).

Ordinarily, to obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy.[8]  A trial court abuses its discretion when it acts without reference to any guiding rules or principles or when it acts in an arbitrary unreasonable manner.[9]  Because the transcript on its face does not allow us to determine the trial court has abused its discretion, we conclude that the relator has not established that he is entitled to relief.  We **DENY** the petition.


141344F.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

---

[8] *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

[9] *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985).