

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00210-CV
_____

IN RE CLEARVISION TECHNOLOGIES, RELATOR

_____

ORIGINAL PROCEEDING

_____

June 21, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Relator ClearVision Technologies filed a petition for writ of mandamus, seeking relief from the trial court's order on the Motion to Compel Production of Documents filed by real parties in interest First State Bank Abernathy and its president Tom E. Turner (jointly, "the Bank"). Respondent is the Honorable Kregg Hukill, presiding judge of the 242nd District Court of Hale County. We will deny the petition.

Background

ClearVision owns software and a database that it markets to banking institutions. It brought suit against the Bank, alleging the Bank misappropriated its trade secrets by

granting a third-party contractor, ClearVision's direct competitor, access to its software and database.

After ClearVision, in April 2015, served its response to one of the Bank's requests for production, the Bank filed a motion to compel production of tax returns and other documents. ClearVision objected but ultimately the trial court granted the Bank's motion in some respects, by an order of May 18, 2016. ClearVision asserts the court's order constituted an abuse of its discretion, and challenges the order through its mandamus petition.

Analysis

Mandamus relief is available when two conditions are met: the trial court abused its discretion, and there is no adequate remedy at law, such as an appeal. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding); *see In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court's ruling that requires production of documents beyond what the procedural rules permit is an abuse of discretion. *In re House of Yahweh*, 266 S.W.3d 668, 673 (Tex. App.—Eastland 2008, orig. proceeding) (*citing In re Dana Corp.,* 138 S.W.3d 298, 301 (Tex. 2004) (per curiam) (orig. proceeding)). Mandamus will issue to correct a discovery order when the mandamus record establishes that the order constitutes a clear abuse of discretion and that there is no adequate remedy by appeal. *In re Colonial Pipeline Co.,* 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding). Mandamus relief may be justified when the appellate court would not be able to cure the trial court's discovery error, such as when privileged information would be revealed. *House of Yahweh*, 266 S.W.3d at

673 (applying standard to production of tax returns, citing *Walker,* 827 S.W.2d at 843-44). There is no adequate appellate remedy for an erroneous order to disclose a trade secret. *In re M-I L.L.C.,* No. 14-1045, 2016 Tex. LEXIS 389, at *6-7 (Tex. 2016) (orig. proceeding) (*citing In re Colonial Pipeline, Co.,* 968 S.W.2d at 941). Accordingly, we limit our review here to a consideration of whether the trial court abused its discretion.

To constitute an abuse of discretion, the trial court's decision must be "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re Bass*, 113 S.W.3d 735, 738 (Tex. 2003) (orig. proceeding) (*quoting Walker,* 827 S.W.2d at 839). Thus, in an abuse of discretion challenge, "the reviewing court may not substitute its judgment for that of the trial court," *Walker,* 827 S.W.2d at 839, but instead must consider only whether the trial court "acted without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985).

Tax Returns

ClearVision first asserts the court abused its discretion by ordering the production of income tax returns for *in camera* review.

A party seeking the discovery of income tax returns bears the burden of showing that the returns are relevant and material to the issues in the case. *House of Yahweh*, 266 S.W.3d at 674 (*citing Hall v. Lawlis,* 907 S.W.2d 493, 494 (Tex. 1995) (orig. proceeding)); *In re Brewer Leasing, Inc.,* 255 S.W.3d 708, 713-14 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding); *El Centro del Barrio, Inc. v. Barlow,* 894 S.W.2d 775, 779 (Tex. App.—San Antonio 1994, orig. proceeding). Tax returns are not material or

3

relevant if the same information can be obtained from other sources, such as a financial statement. *In re Brewer Leasing, Inc.,* 255 S.W.3d at 714; *In re Sullivan,* 214 S.W.3d 622, 624-25 (Tex. App.—Austin 2006, orig. proceeding). A trial court abuses its discretion if it requires the production of tax returns without a showing by the requesting party that the information sought from the returns is not available from other sources. *In re Bullin,* No. 10-15-00423-CV, 2016 Tex. App. LEXIS 2604, at *10 (Tex. App.—Waco Mar. 10, 2016, orig. proceeding) (mem. op.) (citations omitted).

The Eastland court of appeals considered a circumstance similar to that before us in *In re Miller.* No. 11-07-00310-CV, 2008 Tex. App. LEXIS 510, at *6-7 (Tex. App.—Eastland January 24, 2008, orig. proceeding) (mem. op.). There, the appellate court conditionally granted mandamus against a trial court order that required production of tax returns for *in camera* review. The party resisting discovery had argued the information sought from the returns could be obtained from other sources, and the movant for discovery, in the trial court, "did not respond to this argument or otherwise make a showing that the information sought was not available from other sources." The court went on to note the requirement of such a showing "is not onerous." It continued, "If [the movant for discovery] has been unsuccessful in obtaining the desired information through other discovery methods, he can easily convey this information to the trial court." *Id.* at *6.

Similarly, the court in *In re Bullin* held that merely "stating a belief" that the information being sought through discovery of tax returns cannot be obtained elsewhere is not adequate to demonstrate that the returns are relevant and material. 2016 Tex. App. LEXIS 2604 at *11 (citing and quoting *In re Miller,* 2008 Tex. App. LEXIS, at *7).

4

The subject of the Bank's requested discovery concerns ClearVision's development costs for its software and database. "[T]he amount of effort or money expended in developing the information" is among the recognized factors courts apply to determine whether particular information constitutes a trade secret. *In re Michelin N. Am., Inc.*, No. 05-15-01480-CV, 2016 Tex. App. LEXIS 2467, at *11-13 (Tex. App.— Dallas Mar. 9, 2016, orig. proceeding) (mem. op.) (*citing In re Union Pac. R.R.,* 294 S.W.3d 589, 592 (Tex. 2009) (orig. proceeding) (per curiam)).

The trial court's May 18 order contains the court's findings that ClearVision "has produced no documents or other information regarding the cost of developing its software and database," and that its "cost in developing its software and database is relevant and material to the issues in this lawsuit." The Bank's motion to compel conveyed to the court more than its mere belief the development-cost information could not be obtained elsewhere; it demonstrated its unsuccessful efforts to obtain the information from ClearVision. On the record before us, the trial court did not abuse its discretion by finding present the showing that was missing from the records in *In re Bullin* and *In re Miller.*

Additional Documents

The trial court's order also required the production of other documents supporting the amount of time and effort spent developing ClearVision's software operation at the Bank, including "any history of the company on what its development costs were . . . ."[1]

---

[1] The company's president testified on deposition that his testimony regarding such costs "came from looking back at the history of how we developed ClearVision and

5

Without elaboration, ClearVision's mandamus petition contends the discovery order is overbroad, requires production of irrelevant or duplicative documents, and requires production of documents from an unreasonably long time period. Having reviewed the mandamus record, we cannot conclude it demonstrates an abuse of discretion. *See In re Prudential Ins. Co. of Am.,* 148 S.W.3d at 135-36 (trial courts have broad discretion over the discovery process); *In re Bass,* 113 S.W.3d at 738 (abuse of discretion is decision "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law").

The mandamus petition asserts also the discovery order seeks information protected by the trade-secret privilege. Texas Rule of Evidence 507 authorizes a party to refuse to disclose and to prevent others from disclosing trade secrets if it will not tend to conceal fraud or otherwise work injustice. TEX. R. EVID. 507; *In re Michelin N. Am., Inc.*, 2016 Tex. App. LEXIS 2467, at *11-13. Rule 507 requires a party resisting discovery of trade secrets to first establish that the information sought constitutes a trade secret. *Id.* (*citing In re Cont'l Gen. Tire, Inc.,* 979 S.W.2d 609, 610, 613 (Tex. 1998)).[2] From the record before us, it does not appear ClearVision has established that the information ordered to be produced itself constitutes trade secrets.

_____
what our costs were." The court's order compelling production made clear that it does not require ClearVision to create documents that do not exist.

[2] The mandamus petition argues the Bank did not show the trial court how production of trade secret information was necessary to a fair adjudication of its claim or defense. But the Bank has no obligation to make such a showing absent a demonstration by ClearVision that the information sought qualifies as trade secrets. *In re Cont'l Gen. Tire, Inc.,* 979 S.W.2d at 613; *In re Cooper Tire & Rubber Co.,* 313 S.W.3d 910, 915 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding).

For those reasons, we see no abuse of discretion in the court's order requiring production of the additional documents.

## Conclusion

Based on the foregoing, we deny ClearVision's petition for writ of mandamus.

On May 26, 2016, we granted ClearVision's emergency motion in part, staying the trial court's order "to the extent that the order require[d] amendment of responses and production of tax returns and other information by May 31[.]" We now lift the stay we granted on May 26.

Per Curiam