**Petition for Writ of Mandamus Conditionally Granted, in Part, and Denied, in Part, and Memorandum Opinion filed November 26, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00553-CV

---

### IN RE DEFY INTERNATIONAL, LLC, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-32675**

---

## MEMORANDUM OPINION

On July 15, 2019, relator Defy International, LLC ("Defy") filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, Defy asks this court to compel the Honorable Scot Dollinger, presiding judge of the 189th District Court of Harris County, to set aside his July 8, 2019 order directing Defy to produce financial information, including tax returns, for third party Empower Pharmacy ("Empower") to Richard Robbins and

Richard S. Robbins Investments, Ltd., LLP (the "Robbins Parties"). We conditionally grant the petition, in part, and deny it, in part.

## I. BACKGROUND

The underlying case involves an alleged breach of a lease agreement. The Robbins Parties are the landlord of the Shepherd Commons shopping center and Defy is a tenant. Defy alleges that it has not been able to occupy the lease space because the Robbins Parties are unable to obtain a Certificate of Occupancy, among other things. Defy is seeking $2 million in damages, including $75,000 per month in lost profits, against the Robbins Parties and the other defendants.

The Robbins Parties, seeking financial and tax records from third party Empower, served requests for production on Defy. The following are the Robbins Parties' request for production no. 17 for Empower's financial information and tax returns and Defy's objections:

> 17. Documents sufficient to show Empower's financial information from January 2012 to the present, including but not limited to balance sheets, profit and loss/income statements, and tax filings.
>
> RESPONSE: Objection. Overbroad. Harassing. Objection the income tax returns are neither material nor relevant. Income-tax returns are discoverable only if they are relevant and material. *Hall v. Lawlis*, 907 S.W.2d 493, 494 (Tex.1995). If part, but not all, of an income-tax return is discoverable, discovery must be limited to the relevant and material parts. *See Maresca v. Marks*, 362 S.W.2d 299, 301 (Tex.1962). Defendant as the burden to show that all or part of the return is relevant and material to the case. *In re Williams*, 328 S.W.3d 103, 116 (Tex. App.—Corpus Christi 2010, orig. proceeding); *In re Brewer Leasing, Inc.*, 255 S.W.3d 708, 713-14 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding). Defendant must also show that the relevant information cannot be obtained from another source. *In re*

2

*Williams*, 328 S.W.3d at 116; *El Centro del Barrio, Inc. v. Barlow*, 894 S.W.2d 775, 780 (Tex. App.—San Antonio 1994, orig. proceeding); *see Wal-Mart Stores v. Alexander*, 868 S.W.2d 322, 331 (Tex.1993) (Gonzalez, J., concurring) (trial courts should not allow discovery of tax returns if there are other adequate methods to determine net worth); *see, e.g., Sears, Roebuck & Co. v. Ramirez*, 824 S.W.2d 558, 559 (Tex.1992) (trial court should not have ordered production of tax returns because D had already produced audited, certified annual reports containing D's net worth and the tax returns were duplicative).

On June 14, 2019, the Robbins Parties moved to compel production, addressing each objection in their motion to compel. The Robbins Parties asserted that Defy had not provided basic information regarding (1) why or how Defy's new business at Shepherd Commons is alleging losing $75,000 in profits or (2) the business details of the Lipshultz Clinic that Defy allegedly intended to operate at Shepherd Commons.

The Robbins Parties stated that, based on documents they had received, it appeared that the following three entities/tenants have some connection to the space at Shepherd Commons: Defy, Empower, and the Lipshultz Clinic. The Robbins Parties contended that they could not identify the business arrangement among those entities or how they intended to operate. Defy produced several profit and loss statements bearing the name "Defy Medical Center," which did not appear to be one of the businesses intended to operate at Shepherd Commons, but no information for Defy, Empower, or the Lipshultz Clinic. The Robbins Parties contended that they cannot adequately understand Defy's claim for lost profit damages without that information.

Defy responded that (1) the Robbins Parties' counsel never communicated with Defy's counsel about all the discovery he contends should have been produced; (2) Defy had produced "hundreds of documents"; (3) the Robbins Parties' counsel referred to documents that were obtained through subpoenas from third parties, which were only shared with Defy on the date of the response to the motion to compel and should have been produced weeks earlier; (4) Defy talked to the Robbins Parties' counsel and promised to "get with the clients to make sure all discoverable documents are produced"; and (5) Defy is working on HIPPA concerns in responding to the requests.

On July 8, 2019, the trial court held a hearing on the motion to compel and signed the order. On July 11, 2019, relator filed a motion to reconsider, which was pending when Defy filed its petition for writ of mandamus in this court. The trial court signed the order overruling Defy's objections to request for production no. 17 for Empower's financial information and tax returns on August 19, 2019.

In this mandamus proceeding, Defy asserts that the trial court abused its discretion by compelling Defy to produce financial information, including tax returns, belonging to third party Empower and asks this court to compel the trial court to vacate its July 8, 2019 order directing Defy to produce Empower's records.

## II. MANDAMUS STANDARD OF REVIEW

Generally, a relator seeking mandamus relief must demonstrate that (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam). A trial court clearly abuses its discretion if it reaches a decision so arbitrary

4

and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

Courts are to assess the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balancing depends in large measure on the circumstances presented, courts look to principles rather than simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). Whether an appeal amounts to an adequate remedy depends heavily on the circumstances. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). Mandamus review may be necessary to prevent the loss of substantive or procedural rights. *In re Reece*, 341 S.W.3d 360, 374 (Tex. 2011) (orig. proceeding). Appeal is not an adequate remedy when the appellate court would not be able to cure the trial court's discovery error. *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) (per curiam).

### III. SCOPE OF DISCOVERY

A trial court generally has discretion to determine the scope of discovery. *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 802 (Tex. 2017) (orig. proceeding). "Our procedural rules define the general scope of discovery as any unprivileged information that is relevant to the subject of the action, even if it would be inadmissible at trial, as long as the information sought is reasonably calculated to lead to the discovery of admissible evidence." *In re Nat'l Lloyds Ins. Co.*, 507

S.W.3d 219, 223 (Tex. 2016) (orig. proceeding) (per curiam) (internal quotation marks and citations omitted). Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information. Tex. R. Evid. 401. What is "relevant to the subject matter" is to be broadly construed. *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding). Discovery requests must be reasonably tailored to include only matters relevant to the case. *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding) (per curiam). A trial court abuses its discretion if it orders discovery that exceeds what the rules of civil procedure permit. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.128, 130–31 (Tex. 2018) (orig. proceeding).

## IV. LAW ON DISCOVERY OF TAX RETURNS

Generally, in cases concerning the production of financial records, the burden rests on the party seeking to prevent production. *In re Jacobs*, 300 S.W.3d 35, 40 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding [mand. dism'd]). On the other hand, the party seeking discovery of tax returns has the burden of showing that they are relevant and material to the issues in the case. *In re Croft*, No. 14-10-00106-CV, 2010 WL 3721870, at *2 (Tex. App.—Houston [14th Dist.] Sept. 22, 2010, orig. proceeding) (mem. op.); *see also Hall v. Lawlis*, 907 S.W.2d 493, 494 (Tex. 1995) (original proceeding) (per curiam) ("Income tax returns are discoverable to the extent they are relevant and material to the issues presented in the lawsuit.").

The Texas Supreme Court has expressed its "reluctance to allow uncontrolled and unnecessary discovery of federal income tax returns." *Hall*, 907 S.W.2d at 494–95. Tax returns are treated differently from other discovery requests of financial

matter because federal income tax returns are considered private and protection of that privacy is determined to be of constitutional importance. *In re Brewing Leasing, Inc.*, 255 S.W.3d 708, 714 ((Tex. App.—Houston [1st Dist.] 2008, orig. proceeding [mand. denied.]) (citing *Maresca v. Marks*, 362 S.W.2d 299, 301 (Tex. 1962) (orig. proceeding)).

A trial court abuses its discretion by ordering production of tax returns without a showing of relevance in the case. *Croft*, 2010 WL 3712870, at*2; *see also Hall*, 907 S.W.2d at 495 (holding that the trial court abused its discretion by ordering the production of tax returns where the requesting party offered no explanation as to how the tax returns were relevant to their claims.). Also, tax returns are not subject to discovery if the relevant information sought through the returns can be obtained from another source such as a financial statement. *In re ClearVision Techs.*, No. 07-16-00210-CV, 2016 WL 3452760, at *2 (Tex. App.—Amarillo June 21, 2016, orig. proceeding) (mem. op.); *Croft*, 2010 WL 3712870, at*2; *In re House of Yahweh*, 266 S.W.3d 668, 674 (Tex. App.—Eastland 2008, orig. proceeding). The requesting party must show that the relevant information sought cannot be obtained from another source. *In re Patel*, 218 S.W.3d 911, 919 (Tex. App.—Corpus Christi 2007, orig. proceeding); *see also Sears, Roebuck & Co. v. Ramirez*, 824 S.W.2d 559, 559 (Tex. 1992) (orig. proceeding) (per curiam) (holding that discovery of tax returns was unnecessarily duplicative because information had been produced in other documents).

V. ANALYSIS

In its petition, Defy asserts that the Robbins Parties did not present any evidence concerning the relevance of Empower's tax returns or that the requested information was not available from another source.

## A. Whether the Trial Court Abused its Discretion

In response to the mandamus petition, the Robbins Parties contend that Defy did not present any of the arguments it raises in the petition to the trial court and that Defy presented these arguments to the trial court for the first time in its motion for reconsideration. The Robbins Parties' assertion is without merit. In that motion, Defy quoted its objections to request for production no. 17 and argued that (1) it does not have "the power" to produce the requested documents; (2) the lease contract at issue is with Defy; (3) Empower is not a party to the lawsuit; and (4) the documents are not relevant. Defy asked the trial court to reconsider its ruling and sustain its objections, which were based in part on relevance. In a written order, the trial court expressly overruled Defy's objection to request for production no. 17. *See* Tex. R. App. P. 33.1(a) (providing that to preserve a complaint for appellate review, a party must present to the trial court a timely objection and obtain a ruling from the trial court). Defy reasserts in this mandamus proceeding that the tax returns are not relevant.

It was the Robbins Parties' burden to establish the relevance of Empower's tax returns. *See In re Croft*, 2010 WL 3721870, at *2 As discussed above, the Robbins Parties asserted in their motion to compel that Defy had not produced information regarding (1) why or how Defy's business at Shepherd Commons is

losing $75,000 in profits or (2) the business details of the Lipshultz Clinic that Defy intended to operate at Shepherd Commons. The Robbins Parties further stated that they cannot identify the business arrangements among Defy, Empower, and the Lipshultz Clinic. However, the Robbins Parties did not explain how the tax returns will provide the information they seek or why that information is not available from other sources. *See Patel*, 218 S.W.3d at 919. Therefore, the Robbins Parties failed to meet their burden, and the trial court abused its discretion by ordering Defy to produce Empower's tax returns. *See In re Croft*, 2010 WL 3721870, at *3

Request for production no. 17 also asks for "balance sheets [and] profit and loss/income statements" to show Empower's financial information since January 2012. Defy, as the party seeking to prevent production, had the burden to show that the requested financial documents should be excluded from production. *See Jacobs*, 300 S.W.3d at 40 (stating that, in cases concerning the production of financial records, the burden rests on the party seeking to prevent production). In its objection to request for production no. 17, Defy asserted: "Objection. Overbroad. Harassing." The rest of the objection specifically concerned the request for Empower's tax returns. Defy's response to the motion to compel does not address the financial records. Defy's motion to reconsider generally contends that it does not have "the power" to produce the documents and they are not relevant. However, Defy did not raise these arguments in its mandamus petition. Therefore, Defy has waived any complaint that the trial court ordered it to produce Empower's financial records. *Cf. San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 209–10 (Tex. 1990) (per curiam) ("[G]rounds of error not asserted by points of error or argument in the courts of appeal are waived.").

## B.     Whether Defy Has an Adequate Remedy by Appeal

Defy has also shown that it does not have an adequate remedy by appeal because the trial court's discovery error ordering the production of Empower's tax returns cannot be cured after trial.  *See Hall*, 907 S.W.2d at 495 (compelling production of tax return left the relator without an adequate remedy by appeal); s*ee also Reece*, 341 S.W.3d at 374 (explaining that mandamus may be available to prevent the loss of substantive or procedural rights); *Dana Corp.*, 138 S.W.3d at 301 (explaining that appeal is not an adequate remedy because the appellate court would not be able to cure the trial court's discovery error).

## VI.  Conclusion

The trial court abused its discretion by ordering Defy to produce Empower's tax returns, and Defy does not have an adequate remedy by appeal.  Accordingly, we conditionally grant Defy's petition for writ of mandamus, in part, and direct the trial court to vacate its July 8, 2019 order to the extent that it compels production of Empower's tax returns.  We deny the remainder of the petition.  The writ will issue only if the trial court fails to act in accordance with this opinion.


PER CURIAM

Panel consists of Justices Wise, Jewell, Hassan.