**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed August 20, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00280-CV

---

## IN RE STEPHEN M. YAMIN, SR. AND MARY ANN YAMIN, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**113th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-39172**

---

## MEMORANDUM OPINION

On April 15, 2020, relators Stephen M. Yamin, Sr. and Mary Ann Yamin filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Rabeea Sultan Collier, presiding judge of the 113th District Court of Harris County, to set aside her April 7, 2020 order directing the Yamins to produce

their personal federal income tax returns. We conditionally grant the petition for writ of mandamus.[1]

## BACKGROUND

North American Interpipe ("NAI") alleged that it sold oil and gas casing to Texas Black Iron ("TBI") and was not paid in full. NAI sued TBI and TBI's president, Stephen Yamin, and chief executive officer, Mary Ann Yamin.[2] The jury returned a verdict favorable to NAI, and the trial court, on December 30, 2019, signed a final judgment on the verdict: $325,157.60 in economic damages, jointly and severally; $650,315.20 in exemplary damages from each of TBI, Stephen, and Mary Ann; $61,732.44 in prejudgment interest; and attorney's fees for trial and appeal.

On January 2, 2020, Stephen, Mary Ann, and TBI superseded the judgment by each filing an affidavit with a financial statement showing a negative net worth: (1) negative $2,553,163 for Stephen; (2) negative $3,571,589 for Mary Ann; and (3) negative $3,041,630.45 for TBI and by making a $200 cash deposit in lieu of a supersedeas bond. In a January 16, 2020 filing, NAI contested the net worth affidavits and on the same day served interrogatories and requests for production in aid of its contest to the net worth affidavits. Among NAI's requests were the Yamins' personal income tax returns. The Yamins, on February 10, 2020, produced

---

[1] We requested a response from NAI. *See* Tex. R. App. P. 52.4. However, NAI did not file a response.

[2] Because the individual parties share the same surname, to avoid confusion, we refer to them by their first names.

2

some responsive documents but objected to the production of their personal federal tax returns and did not produce them.

In the meantime, on January 21, 2020, NAI had a subpoena duces tecum for a deposition on written questions served on Steven R. Hardy, the certified public accountant who prepared tax returns for the Yamins, to produce the Yamins' tax returns and related documents by February 15, 2020. On February 12, 2020, the Yamins moved to quash the subpoena duces tecum served on Hardy and objected to producing the tax returns and other documents related to the tax returns. The Yamins objected to the following requests for production in the subpoena duces tecum:

> 2. All documents provided to you from Mary Ann Yamin, Stephen M. Yamin Sr., Texas Black Iron, Inc. and/or any of their affiliated entities for the purposes of preparing tax returns for the past 5 years.
>
> OBJECTION: Defendants object to this request on the grounds that it seeks private and confidential information that is not material or relevant to Defendants' net worth, which can be discovered through other less intrusive means.
>
> 3. All tax returns for Mary Ann Yamin, Stephen M. Yamin Sr., Texas Black Iron, Inc. and/or any of their affiliated entities for the past five years.
>
> OBJECTION: Defendants object to this request on the grounds that it seeks private and confidential information that is not material or relevant to Defendants' net worth, which can be discovered through other less intrusive means.
>
> 6. All other documents provided to you by Mary Ann Yamin, Stephen M. Yamin Sr., Texas Black Iron, Inc. and/or any of their affiliated entities for the past 5 years.

3

OBJECTION: To the extent this request seeks documents concerning Defendants' tax returns or the preparation of their tax returns, Defendants object to this request on the grounds that it seeks private and confidential information that is not material or relevant to Defendants' net worth, which can be discovered through other less intrusive means.

7. All correspondences between your office and Mary Ann Yamin, Stephen M. Yamin Sr., Texas Black Iron, Inc. and/or any of their affiliated entities for the past five years.

OBJECTION: To the extent this request seeks documents concerning Defendants' tax returns or the preparation of their tax returns, Defendants object to this request on the grounds that it seeks private and confidential information that is not material or relevant to Defendants' net worth, which can be discovered through other less intrusive means.

On February 13, 2020, Hardy produced the documents to which no objection had been made, and the Yamins had no objections to the deposition questions. On April 7, 2020, the trial court overruled the Yamins' objections, denied the Yamins' motion to quash, and ordered Hardy to produce the tax returns and related documents within seven business days of the order.

The Yamins filed this mandamus proceeding, asking this court to compel the trial court to set aside its April 7, 2020 order and enter an order sustaining the Yamins' objections to the production of their federal income tax returns and related documents and granting the Yamins' motion to quash the subpoena duces tecum served on Hardy.

4

## STANDARD OF REVIEW

Generally, a relator seeking mandamus relief must demonstrate that (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

Courts are to assess the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balancing depends in large measure on the circumstances presented, courts look to principles rather than simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). Whether an appeal amounts to an adequate remedy depends heavily on the circumstances. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). Mandamus review may be necessary to prevent the loss of substantive or procedural rights. *In re Reece*, 341 S.W.3d 360, 374 (Tex. 2011) (orig. proceeding). Appeal is not an adequate remedy when the appellate court would not be able to cure the trial court's discovery error. *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) (per curiam).

ANALYSIS

## I. The Yamins' request for relief is not moot.

As an initial matter, we address NAI's assertion that the Yamins' request for relief is moot. Rather than file a response to the petition, NAI informed this court that it had withdrawn the subpoena duces tecum served on Hardy to the extent that it sought information responsive to Request for Production Nos. 2, 3, 6, and 7. NAI advised the Yamins by email that it would "be notifying the court of appeals shortly" that the petition is moot. The Yamins do not agree with NAI's assessment that the petition is moot.

An appellate court is prohibited from deciding moot controversies. *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). This prohibition is rooted in the separation of powers doctrine in the United States and Texas Constitutions that prohibits courts from rendering advisory opinions. *Id.* A case becomes moot if at any stage there ceases to be an actual controversy between or among the parties as to the subject matter of the litigation. *Id.* Generally, an appeal is moot when the court's action on the merits cannot affect the rights of the parties. *VE Corp. v. Ernst & Young*, 860 S.W.2d 83, 84 (Tex. 1993).

NAI posits that it would have to re-subpoena Hardy, and the trial court would have to re-compel production in this litigation for the Yamins to be placed in a position of opposing the same discovery requests. NAI asserts that there is no reasonable expectation that the Yamins will be subject to the same action for a second time in the underlying proceedings.

NAI has not notified the trial court that it has withdrawn the subpoena duces tecum or asked the trial court to set aside the April 7, 2020 order, and the order remains in effect. From the statements in NAI's filings in this court on the matter, it is apparent that NAI does not intend to request the trial court to withdraw the order. We hold that, as long as the order remains in effect, the Yamins' request for relief is not moot. *See In re Komatsu America Corporation*, No. 14-11-00883-CV, 2011 WL 6209487, at *1 (Tex. App.—Houston [14th Dist.] Dec. 8, 2011, orig. proceeding) (mem. op.) (holding petition was not moot, even though plaintiff had filed in trial court motion to withdraw discovery order, because trial court's order was still in effect).

## II.   The Yamins' objections to production of Their tax returns were timely.

In its response to the Yamins' motions to quash, NAI contended that, under Rule 200.3 of the Texas Rules of Rules of Civil Procedure, the objections to the subpoenas were due within ten days following the January 21, 2020 service of the deposition on written questions and subpoena duces tecum, but the Yamins waited until February 12, 2020 to object. *See* Tex. R. Civ. P. 200.3(b) ("Within ten days after the notice and direct questions are served, any party may object to the direct questions and serve cross-questions on all other parties."). Therefore, according to NAI, the Yamins' objections were untimely and, thus, waived.

The Yamins argue that their objections to the subpoena duces tecum and the production of their tax returns and related documents were timely because the subpoena duces tecum set the due date as February 15, 2020. The Yamins contend that Rule 200.3(b), upon which NAI relied in support of its position that the Yamins' objections were untimely, is not applicable here. Rule 200.3 provides, in relevant

7

part, that "[w]ithin ten days after the notice and direct questions are served, any party may object to the direct questions and serve cross-questions on all other parties." *Id.* The Yamins posit that Rule 200.3(b) governs the timing for making objections to questions to be propounded to the witness in a deposition on written questions, not the timing for objections to requests for documents. The Yamins did not object to any of the questions propounded to Hardy and, therefore, assert that Rule 200.3(b) is not applicable here.

Rule 200.1 provides the procedure for noticing a deposition upon written question. *See* Tex. R. Civ. P. 200.1(b). It provides that "[t]he notice also may include a request for production of documents as permitted by Rule 199.2(b)(5), the provisions of which will govern the request, service, and response." *Id.* Rule 199.2(b)(5) provides:

> A notice may include a request that the witness produce at the deposition documents or tangible things within the scope of discovery and within the witness's possession, custody, or control. If the witness is a nonparty, the request must comply with Rule 205 and the designation of materials required to be identified in the subpoena must be attached to, or included in, the notice. The nonparty's response to the request is governed by Rules 176 and 205. When the witness is a party or subject to the control of a party, document requests under this subdivision are governed by Rules 193 and 196.

Tex. R. Civ. P. 199.2(b)(5). Thus, such a request for documents from a nonparty is governed by Rule 176, and a request from a witness subject to the control of a party is governed by Rules 193 and 196. *Id.*

Rule 176.6(d) provides that the person commanded to produce documents may serve written objections "before the time specified for compliance." Tex. R.

8

Civ. P. 176.6(d). Under Rule 193.2, a party must make an objection to written discovery in writing "within the time for response" Tex. R. Civ. P. 193.2. Thus, the Yamins contend that either under Rule 176.6 or Rule 193.2 objections are timely if made before the time for the response. The subpoena stated: "RECORDS NEEDED BY 2/15/20." The Yamins made their objections on February 12, 2020, before Hardy was required to produce the tax returns and documents related to the returns. The Yamins' objections were timely.[3]

## III.    The trial court abused its discretion.

Generally, in cases concerning the production of financial records, the burden to show the documents are not subject to discovery rests on the party seeking to prevent production. *In re Jacobs*, 300 S.W.3d 35, 40 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding [mand. dism'd]). However, the party seeking discovery of tax returns has the burden of showing that they are relevant and material to the issues in the case. *In re Defy Int'l, LLC*, No. 14-19-00553-CV, 2019 WL 6317725, at *3 (Tex. App.—Houston [14th Dist. Nov. 26, 2019, orig. proceeding) (mem. op.); *In re Croft*, No. 14-10-00106-CV, 2010 WL 3721870, at *2 (Tex. App.—Houston [14th Dist.] Sept. 22, 2010, orig. proceeding) (mem. op.); *see also Hall v. Lawlis*, 907 S.W.2d 493, 494 (Tex. 1995) (original proceeding) (per curiam) ("Income tax returns are discoverable to the extent they are relevant and material to the issues presented in the lawsuit.").

---

[3] Rule 196.2(a), which applies to a witness subject to the control of a party, provides that "[t]he responding party must serve a written response on the requesting party within 30 days after the service of the request." Tex. R. Civ. P. 196.2(a). The response was served within 30 days after service of the requests and, therefore, was timely. *Id.*

The Supreme Court of Texas has expressed its "reluctance to allow uncontrolled and unnecessary discovery of federal income tax returns." *Defy Int'l, LLC*, 2019 WL 6317725, at \*3 (citing *Hall v. Lawlis*, 907 S.W.2d 493, 494–95 (Tex. 1995) (orig. proceeding)). Tax returns are treated differently from other discovery requests of financial matter because federal income tax returns are considered private and protection of that privacy is determined to be of constitutional importance. *In re Brewing Leasing, Inc.*, 255 S.W.3d 708, 714 (Tex. App.— Houston [1st Dist.] 2008, orig. proceeding [mand. denied.]) (citing *Maresca v. Marks*, 362 S.W.2d 299, 301 (Tex. 1962) (orig. proceeding)).

A trial court abuses its discretion by ordering production of tax returns without a showing of relevance in the case. *Defy Int'l, LLC*, 2019 WL 6317725, at \*3; *see also Hall*, 907 S.W.2d at 495 (holding that the trial court abused its discretion by ordering the production of tax returns where the requesting party offered no explanation as to how the tax returns were relevant to their claims.). Tax returns are not subject to discovery if the relevant information sought through the returns can be obtained from another source such as a financial statement. *In re ClearVision Techs.*, No. 07-16-00210-CV, 2016 WL 3452760, at \*2 (Tex. App.—Amarillo June 21, 2016, orig. proceeding) (mem. op.); *Croft*, 2010 WL 3712870, at\*2; *In re House of Yahweh*, 266 S.W.3d 668, 674 (Tex. App.—Eastland 2008, orig. proceeding). The requesting party must show that the relevant information sought cannot be obtained from another source. *Defy Int'l, LLC*, 2019 WL 6317725, at \*3; *see also Sears, Roebuck & Co. v. Ramirez*, 824 S.W.2d 559, 559 (Tex. 1992) (orig. proceeding) (per curiam) (holding that discovery of tax returns was unnecessarily duplicative because information had been produced in other documents).

Mandamus is available to review an order compelling the production of tax returns. *See Defy Int'l, LLC*, 2019 WL 6317725, at *4.

The Yamins state that they produced their financial statements and records supporting the entries on the financial statements and responded to other net worth discovery, including interrogatories and requests for production. In response to the Yamins' objections in the trial court, NAI argued that the tax returns are necessary to determine net worth. NAI contended that the information from the tax returns and related documents can be used to verify the Yamins' discovery responses related to net worth and to authenticate unaudited financial statements.

By NAI's own admission, it has received net worth information for the Yamins and, therefore, it has not shown that it cannot obtain the Yamins' net worth information from sources other than the Yamins' tax returns and documents related to the returns. *See Croft*, 2010 WL 3721870, at *2 (holding real party in interest had not demonstrated that he could not obtain information he sought in tax returns from another source where he admitted that he could obtain information from other financial documents and such documents were relevant). NAI has failed to show that it cannot obtain the information from another source. The trial court abused its discretion by ordering the Yamins to produce their tax returns and related documents.

**IV.  The Yamins do not have an adequate remedy by appeal.**

Having held that the trial court abused its discretion by compelling production of the Yamins' tax returns and related documents, we must determine whether the Yamins have an adequate remedy by appeal. The Yamins have the right to not

11

produce their tax returns when NAI has not met its burden to demonstrate that it cannot obtain the information from other sources. *See Reece*, 341 S.W.3d 360, 374 (Tex. 2011) (orig. proceeding) (explaining that mandamus review may be necessary to prevent loss of substantive or procedural rights). The trial court's error in compelling production of the Yamins' tax returns and related documents cannot be cured on appeal. *See Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) (per curiam). We conclude that the Yamins do not have an adequate remedy by appeal. *See Defy Int'l, L.L.C.*, 2019 WL 6317725, at *4.

## CONCLUSION

We hold that the trial court abused its discretion by ordering the Yamins' to produce their tax returns and related documents and the Yamins do not have an adequate remedy by appeal. Accordingly, we conditionally grant the Yamins' petition for writ of mandamus and direct the trial court to vacate its April 7, 2020 order compelling production of the Yamins' tax returns and related documents. The writ will issue only if the trial court fails to act in accordance with this opinion. We lift our stay issued on April 16, 2020.

/s/    Tracy Christopher
Justice

Panel consists of Chief Justice Frost and Justices Christopher and Jewell.

12